No. 26-6445

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

ROGER ROGOFF,

*Plaintiff-Appellee,*

v.

DONALD J. TRUMP,
President of the United States, in his official capacity, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Western District of Washington

# EXCERPTS OF RECORD

BRETT A. SHUMATE
*Assistant Attorney General*

ERIC D. MCARTHUR
*Deputy Assistant Attorney General*

MARK R. FREEMAN
DANIEL AGUILAR
DAVID L. PETERS
ANDREW SKARAS
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-5425*

# TABLE OF CONTENTS

**Page**

Dkt. 44, Order Granting Motion for Preliminary Injunction (Oct. 1, 2026) .......... ER-3

Dkt. 42, Defendants' Unopposed Request for Order Taking Judicial Notice (Sept. 28, 2026) .......... ER-13

Dkt. 42-2, Presidential Nominations and Appointments (Sept. 14, 2026) .......... ER-16

Dkt. 42-3, Presidential Memorandum Designating Charles Neil Floyd to Perform the Functions and Duties of the Office of U.S. Attorney (Sept. 25, 2026) .......... ER-20

Dkt. 12-3, Western District of Washington General Order 09-26 (July 15, 2026) .......... ER-22

Dkt. 12-5, Email from Morgan DeWitt Snow to Roger Rogoff (July 15, 2026) .......... ER-25

Dkt. 1, Complaint for Declaratory and Injunctive Relief (Dec. 9, 2020) .......... ER-26

Dkt. 45, Notice of Appeal (Oct. 1, 2026) .......... ER-55

Docket Sheet .......... ER-57

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGER ROGOFF,<br>Plaintiff,<br>v.<br>DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; and U.S. DEPARTMENT OF JUSTICE,<br>Defendants. | No. 2:26-CV-02566-SAB<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** |

Before the Court is Plaintiff's Motion for Preliminary Injunction, ECF No. 8. A hearing on the motion was held on October 1, 2026. Plaintiff was represented by Connor Hoge, Cynthia Long, Daniel Kalish, Donald B. Verrilli, Jr., Hailyn J. Chen, Jason A. Rittereiser, Shannon G. Aminirad, and Victoria A. Degtyareva. Defendants were represented by Brian C. Kipnis.

Plaintiff asks the Court to enter a preliminary injunction against Defendants invalidating his removal as U.S. Attorney for the Western District of Washington,

restoring him to that position, and ensuring that he can continue to serve as U.S. Attorney unimpeded by Defendants until a Senate-confirmed U.S. Attorney is appointed.

**Background**

On July 15, 2026, the judges in the Western District of Washington appointed Plaintiff Roger Rogoff as U.S. Attorney pursuant to 28 U.S.C. § 546(d). The Court's appointment order stated: "Mr. Rogoff is authorized to serve as the United States Attorney for the Western District of Washington until the vacancy is filled by an officer appointed by the President with the advice and consent of the Senate in accordance with the United States Constitution, Article II, Section 2 and 28 U.S.C. § 541(a)." He was sworn in that same day.

Less than an hour after he was sworn in, an email to Rogoff from the Deputy Director of Presidential Personnel stated: "the President of the United States has directed that I inform you that, pursuant to his authority under 28 U.S.C. § 541(c) and Article II of the Constitution, you are hereby removed from the office of the United States Attorney for the Western District of Washington."

Recently, President Trump nominated Simon Peter Serrano to be the U.S. Attorney for the Western District of Washington and directed Charles Neil Floyd to perform the functions and duties of the office of the U.S. Attorney for the Western District of Washington. ECF No. 42. These actions were taken after Plaintiff was appointed by the Court.

**Motion Standard**

A plaintiff seeking a preliminary injunction must demonstrate that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public's interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction may issue where there are "serious questions going to the merits" and "a hardship balance that tips sharply toward the plaintiff,"

if the other two elements are met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

**Legal Framework**

28 U.S.C. § 546 provides a sequential framework for filling temporary vacancies in the position of U.S. Attorney. First, the Attorney General may appoint a U.S. Attorney for the district where the office of U.S. Attorney is vacant. § 546(a). An AG-appointed interim U.S. Attorney serves until the earlier of being appointed by the President and confirmed by the Senate or 120 days after the appointment. § 546(c). If the 120-day period expires without a presidential appointee, the district courts may appoint a U.S. Attorney, who serves until the vacancy is filled. § 546(d).

**Analysis**

Plaintiff has met the requirements for obtaining a preliminary injunction. Initially, the Court notes that Defendants have not disputed that the judges in the Western District of Washington acted in accordance with the express terms of 28 U.S.C. § 546.[1] In October 2025, then Attorney General Pam Bondi appointed

---

[1] (a) Except as provided in subsection (b), the Attorney General may appoint a United States attorney for the district in which the office of United States attorney is vacant.

(b) The Attorney General shall not appoint as United States attorney a person to whose appointment by the President to that office the Senate refused to give advice and consent.

(c) A person appointed as United States attorney under this section may serve until the earlier of—

(1) the qualification of a United States attorney for such district appointed by the President under section 541 of this title; or

Charles Neil Floyd as interim U.S. Attorney pursuant to § 546(a). He was sworn in on October 6, 2025. Since then, the time period for interim appointments passed and the interim appointment power properly shifted to the district court. Indeed, Defendants rely on this appointment to argue Plaintiff was subject to removal by the President.

**(1) Likelihood of Success on the Merits**

Plaintiff is likely to succeed on the merits because section 546(d) precludes his firing by the President. This case starts and ends with the U. S. Constitution and the central principle of the separation of powers. The Court is ruling with these fundamental principals in mind.

U.S. Constitution, Article 2, Section 2, Clause 2 provides the foundation:

> [The President] shall have power, by and with the advice and consent of the Senate, to make treaties, provided two thirds of the Senators present concur; and he shall nominate, and by and with the advice and consent of the Senate, shall appoint ambassadors, other public ministers and consuls, judges of the Supreme Court, and all other officers of the United States, whose appointments are not herein otherwise provided for, and which shall be established by law. . .

Const. Art. 2, Sec. 2 cl. 2.

Generally, the President has the power to nominate many officers—who then need to be confirmed by the Senate. However, "inferior officers" are treated differently.[2]

---

(2) the expiration of 120 days after appointment by the Attorney General under this section.

(d) If an appointment expires under subsection (c)(2), the district court for such district may appoint a United States attorney to serve until the vacancy is filled. The order of appointment by the court shall be filed with the clerk of the court.

[2] The parties agree, and the law is clear, that the office of U.S. Attorney is an "inferior office" as that term is used in Article 2.

> . . . *but* the Congress may by law vest the appointment of such inferior officers, as they think proper, in the President alone, in the courts of law, or in the heads of departments.

*Id.* (emphasis added).

This provision in the Constitution provides a check on Executive power and authority both by the way it is positioned within Article 2, beginning with the contours of the Executive powers, and the way it is worded, including the phrase "but the Congress." This phrase clarifies that the powers granted and defined in the first part of the clause are limited by the second part of the sentence.

This begs the question, then—to whom did Congress vest the appointment of inferior officers? That is answered by 28 U.S.C. §§ 541 and 546.

Section 541(a) states the vacancy can be filled first by the President subject to Senate confirmation. Section 546 provides that absent the nomination/confirmation process, the Department Head (Attorney General) can fill the vacant position for a limited period of time. § 546(a),(c). Once that time expires, the District Court may appoint a U.S. Attorney *until that vacancy is filled*. It does not say until that person is fired by the President. § 546(d).

In other words, Congress did *not* give the power to fill this "inferior office" to the President alone. In fact, Congress had the power to make the choice, and it made that choice in three ways:

- Under some circumstances a vacancy can be filled by the President—but unless there is a Senate confirmation, such appointment has a time limitation. 5 U.S.C. §§ 3345-3346.
- Under some circumstances a vacancy can be filled by the Attorney General as Department Head, but again, such an appointment has a time limitation. 28 U.S.C. § 546(a-c).
- Under some circumstances a vacancy can be filled by the Court. And under these circumstances, there is no time limitation. 28 U.S.C. §

546(d).

Thus, only Senate-confirmed presidential appointments and court-appointed U.S Attorneys are not limited by a fixed expiration date.

The U.S. Constitution and statutes set out a clear framework for the process of appointing a U.S. Attorney. What needs to be decided in this case, and which appears to be one of first impression, is under the framework described above, can the President fire a U.S. Attorney appointed by the District Court? The answer to that question involves careful reading of the Article 2—the Appointments Clause—and the three statutes discussed above. In doing so, the Court must give effect to all these provisions, not an interpretation that nullifies parts of the whole.

Can the President fire a court-appointed U.S. Attorney? No. The President cannot unilaterally fire a U.S. Attorney appointed by the Court. A court-appointed U.S. Attorney is not an acting U.S. Attorney nor are they an interim U.S. Attorney. Section 546(d) provides that a court-appointed U.S. Attorney serves until "the vacancy is filled," which can only be done by the nomination/confirmation process

Section § 546(d) provides "a sensible framework that tends to prevent the passage of lengthy periods of time without a United States Attorney in place." *United States v. Hilario*, 218 F.3d 19, 23 (1st Cir. 2000) ("Congress may well have determined that it would be worse for a district to be without a United States Attorney than for the district to have one who had not been nominated and confirmed in the ordinary course.")

According to Defendants, 28 U.S.C. § 541(c) applies to court-appointed U.S. attorneys, and therefore, the President possesses statutory authority to remove court-appointed U.S. attorneys. Defendants argue that § 541(c) is the only provision addressing the removal of U.S. Attorneys. This is true, in part. But it is limited to the removal of U.S. Attorneys in office by the nomination/confirmation process contemplated by § 541(a), not court-appointed U.S. Attorneys appointed pursuant to a separate statute, § 546(d). Defendants' interpretation would render

meaningless the limits 28 U.S.C. § 546 imposes on the Executive's ability to circumvent the Senate's advice-and-consent framework. Thus, while the President has the power to remove executive officer whom he has appointed, *see Trump v. United States*, 603 U.S. 593 (2024), it does not follow he has authority to remove executive officers that he has *not* appointed. Notably, while Defendants argue the President has constitutional removal powers, they have not provided any legal support or citation to prove their premise.

Allowing the President to fire a court-appointed U.S. Attorney would upend the framework created by the Constitution and the statutory framework, which together balances the President's right to appoint and the Senate's right to confirm. Allowing the President to fire a court-appointed U.S. Attorney also eliminates the incentive to nominate a candidate that can be conferred by the Senate—in other words, bypassing the requirement that the Executive and Legislative branches work together to nominate and confirm the U.S. Attorney.

Reading and applying §§ 541 and 546 to cover different scenarios is the only interpretation that maintains a coherent regulatory scheme. Neither Congress nor the President can unilaterally and permanently fill the office. The two branches must work together to fill the office for longer than the short periods of time authorized by the statutes. When the two branches refuse or fail to cooperate in the nomination/confirmation process, then and only then can the Court act to file the role. Once the Court acts and fills the rule, however, that decision can be changed *only* by the nomination/confirmation process.

Under this framework, the Court concludes the following:

1. Roger Rogoff is the U.S. Attorney for the Western District of Washington and has been the rightful holder of that office since July 15, 2026.
2. Simon Peter Serrano is not the U.S. Attorney for the Western District of Washington because he has only been nominated but not confirmed by

the Senate.

3. Charles Neil Floyd is not the U.S. Attorney in the Western District of Washington because the Court had already acted prior to the President's Order, and Mr. Floyd has not been either nominated or confirmed.

**(2) Irreparable harm**

Plaintiff has shown that his purported removal as U.S. Attorney will cause him irreparable harm absent injunctive relief. Plaintiff has a statutory right to function as the U.S. Attorney for the Western District of Washington. Additionally, Plaintiff's removal would leave the U.S. Attorney's office with no lawfully appointed head, jeopardizing the functioning of the office.

**(3) Balance of equities**

The balance of equities favors the granting of a preliminary injunction. Defendants have not shown they would suffer harm where an injunction would end an unlawful practice. Moreover, this case concerns Congress's exercise of its constitutional authority to vest the appointment poser in the court, plus the Executive attempts to evade Senate advice and consent, which tip in favor of Plaintiff. The unlawful wielding of federal prosecutorial power by someone without authority to do so injures the public interest.

**(4) Public Interest**

The public interest is strongly in favor of granting a preliminary injunction. Failure to grant the injunction would result in the executive branch flaunting the Court's Orders. Failure to grant the injunction would upend the balance between the executive, judicial, and congressional branches of the government that is set out in the U.S. Constitution, as well as § 546. Allowing the President to fire Plaintiff at will (and any other U.S. Attorney duly and lawfully appointed by the Court) would undo the careful balancing put in place by Congress when it passed § 546.

The public has an interest in the proper administration of justice. It is unclear

whether the U.S. Attorney's office can properly function without a lawfully appointed U.S. Attorney, or whether continuing to do so would result in dismissal of criminal actions. Lawful appointments matter because a U.S. Attorney exercises considerable prosecutorial discretion with little day-to-day judicial review.

**Bond or Stay**

The Court does not find a stay of this Order is necessary. Plaintiff has made a strong showing of success. He has shown he will be irreparably harmed if the case is stayed. Defendants have not shown a strong likelihood of success, irreparable injury, or that the balance of hardship tips in their favor. It is in the public's interest to have the Executive branch follow the law and Plaintiff has been duly sworn in. No bond is needed because the Government would not be harmed and would receive the benefit of Plaintiff's service.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Preliminary Injunction, ECF No. 8, is **GRANTED**.

2. Defendants' Unopposed Motion for Order Taking Judicial Notice, ECF No. 42, is **GRANTED**.

3. Because Plaintiff has met his burden of showing that the granting of a preliminary injunction is appropriate, the Court orders the following:

   (a) Until the vacancy of the Office of the U.S. Attorney for the Western District of Washington is filled via Senate confirmation, Defendants Executive Office of the President, Acting Attorney General Todd Blanche, and the Department of Justice shall not:

      (i) Effectuate any purported firing of Plaintiff Roger Rogoff from his position as U.S. Attorney for the Western District of Washington;

(ii) Purport to remove Plaintiff Roger Rogoff from his position as U.S. Attorney for the Western District of Washington or in any way treat him as having been removed;

(iii) Deny or obstruct Plaintiff Roger Rogoff from accessing any of the benefits or resources of his position as U.S. Attorney for the Western District of Washington;

(iv) Otherwise obstruct Plaintiff Roger Rogoff from his ability to carry out the duties of the U.S. Attorney for the Western District of Washington; or

(v) Treat any individual other than Plaintiff Roger Rogoff as U.S. Attorney for the Western District of Washington or the chief federal law enforcement officer of the district.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 1st day of October 2026.

Stanly A. Bastian
U.S. District Judge

Judge Bastian

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROGER ROGOFF,

Plaintiff,

v.

DONALD TRUMP in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; TODD BLANCHE, in his official capacity as Attorney General of the United States; and UNITED STATES DEPARTMENT OF JUSTICE,

Defendants.

CASE NO. 2:26-cv-02566-SAB

**DEFENDANTS' UNOPPOSED REQUEST FOR ORDER TAKING JUDICIAL NOTICE**

(Note on Motion Calendar for
For September 28, 2026)

**INTRODUCTION**

In support of their response to Plaintiff's pending Motion for a Preliminary Injunction and in anticipation of the October 1, 2026 hearing on that motion, Defendants request that the Court take Judicial Notice pursuant to Rule 201, Fed. R. Evid., of the following facts that can accurately and readily be determined from sources whose accuracy cannot reasonably be questioned.

The facts are as follows: (1) on September 14, 2026, the President nominated Simon Peter Serrano to the position of United States Attorney for the Western District of Washington; and (2) on September 25, 2026, the President signed a memorandum titled "Memorandum for Charles Neil Floyd."

Case: 26-6445, 10/09/2026, DktEntry: 23.1, (14 of 66)

The first fact may accurately and readily be determined from Exhibit A to this request for judicial notice, a webpage capture from the official White House website, dated September 17, 2026, and reflecting nominations forwarded by the President to the U.S. Senate.[1] The second fact may be accurately and readily obtained from Exhibit B, a true and correct copy of a memorandum on official White House stationary dated September 25, 2026, and reflecting the signature of the President.

Plaintiff does not oppose this request that the Court take judicial notice of these facts.

**ARGUMENT**

I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE REQUSTED FACTS

Pursuant to Rule 201(c)(2) Federal Rules of Evidence, the Court is required to take judicial notice if a party requests it and the Court is supplied with the necessary information. This request is appropriately made under Rule 201, Fed. R. Evid. The facts in question are clearly adjudicative facts. *See* 21B *Fed. Prac. & Proc. Evid.* § 5103.1 (2d ed.) at n. 2 (citing Advisory Committee Note). And as the facts in question are official acts of the President, appropriately documented by the exhibits to this motion, they are "not subject to reasonable dispute" because they can be "accurately and readily determined" from the exhibits, which constitute "sources whose accuracy cannot reasonably be questioned." Rule 201(b)(2) Fed. R. Evid. As such, the Court "must take judicial notice" of these facts. Rule 201(c)(2) Fed. R. Evid.

///

///

///

///

///

///

///

///

///

1 https://www.whitehouse.gov/presidential-actions/2026/09/nominations-sent-to-the-senate-9fc3/ (captured on September 28, 2026)

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their unopposed motion to take judicial notice be granted.

DATED: September 28, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Federal Programs Branch

DIANE KELLEHER
Director, Federal Programs Branch

JEREMY S.B. NEWMAN
Chief Litigation Counsel, Federal Programs Branch

JOSHUA S. HA
Counsel to the Assistant Attorney General

*/s/Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Tel: (206) 553-7970
brian.kipnis@usdoj.gov

*Attorneys for Defendants*

*I certify that this memorandum contains 379 words, in compliance with the Local Civil Rules.*

# Exhibit A

PRESIDENTIAL ACTIONS

THE WHITE HOUSE 250

Nominations & Appointments

September 14, 2026

NOMINATIONS SENT TO THE SENATE:

Samuel D. Adkisson, of Tennessee, to be United States District Judge for the Eastern District of Tennessee.

Philip Axt, of North Dakota, to be United States District Judge for the District of North Dakota.

Daniel Lewis Ballou, of Kentucky, to be United States District Judge for the Eastern District of Kentucky.

Richard Wesley Bennett, of Texas, to be United States District Judge for the Southern District of Texas.

Courtney Leigh Coker, of Texas, to be United States District Judge for the Northern District of Texas.

Bradford J. Kelley, of Louisiana, to be United States District Judge for the Eastern District of Louisiana.

Robert E. Long, Jr., of Florida, to be United States District Judge for the Middle District of Florida.

Peter M. Mansfield, of Louisiana, to be United States District Judge for the Eastern District of Louisiana.

Claire McCusker Murray, of Maryland, to be a Member of the United States Sentencing Commission for a term expiring October 31, 2031. (Reappointment)

Jesus A. Osete, of Missouri, to be United States District Judge for the Western District of Missouri.

Trevor Scott Pemberton, of Oklahoma, to be United States District Judge fo t of Oklahoma.

James Lewis Quinn, of Virginia, to be a Judge of the United States Court of Appeals for Veterans Claims for the term of fifteen years.

Kyle Frederick Reardon, of Alaska, to be United States District Judge for the District of Alaska.

Luis Felipe Restrepo, of Pennsylvania, to be a Member of the United States Sentencing Commission for a term expiring October 31, 2031. (Reappointment)

Lee Philip Rudofsky, of Arkansas, to be United States Circuit Judge for the Eighth Circuit.

Zachary Paul West, of Oklahoma, to be United States District Judge for the Eastern District of Oklahoma.

Christopher Abbott, of Virginia, to be an Assistant Secretary of Commerce.

Richard Breckenridge, of New Hampshire, to be an Assistant Secretary of the Navy.

Francis Browne, of the District of Columbia, to be an Under Secretary of the Treasury.

Hung Cao, of Virginia, to be Secretary of the Navy.

Catherine Eschbach, of Texas, to be General Counsel of the Equal Employment Opportunity Commission for a term of four years.

Kimberly Greenwood, of Tennessee, to be Ambassador Extraordinary and Plenipotentiary of the United States of America to Barbados, and to serve concurrently and without additional compensation as Ambassador Extraordinary and Plenipotentiary of the United States of America to the Federation of Saint Kitts and Nevis, Saint Lucia, Antigua and Barbuda, the Commonwealth of Dominica, Grenada, and Saint Vincent and the Grenadines.

Austin Holmes, of Florida, to be Ambassador Extraordinary and Plenipotentiary of the United States of America to the Republic of Haiti.

Elliott Hulse, of California, to be Chief Executive Officer, Millennium Challenge Corporation.

Wesley Hunt, of Texas, to be Ambassador Extraordinary and Plenipotentiary of the United States of America to the Kingdom of Saudi Arabia.

Stephen Husk, of Virginia, to be a Commissioner of the United States Parole Commission for a term of six years.

Christopher Walter Inabinett, of Alabama, to be United States Marshal for the Middle District of Alabama for the term of four years.

Matthew Jones, of Virginia, to be an Assistant Secretary of Housing and Urban Development.

Devin Kennington, of California, to be Ambassador Extraordinary and Plenipotentiary of the United States of America to the Federal Republic of Somalia.

Samuel King Lee, of Tennessee, to be United States Attorney for the Eastern District of Tennessee for the term of four years.

Jane Lynch, of North Carolina, to be Ambassador at Large for International Religious Freedom.

Junaid Munir, of Michigan, a Career Member of the Senior Foreign Service, Class of Minister-Counselor, to be Ambassador Extraordinary and Plenipotentiary of the United States of America to the Republic of Djibouti.

Heidi Overton, of New Mexico, to be Commissioner of Food and Drugs, Department of Health and Human Services.

Asa Pitt, of the District of Columbia, to be United States Representative to the Organization for the Prohibition of Chemical Weapons, with the rank of Ambassador.

Simon Peter Serrano, of Washington, to be United States Attorney for the Western District of Washington for the term of four years.

Joshua Shoemaker, of Virginia, to be Chief Financial Officer, National Aeronautics and Space Administration.

Robert Stebbins, of New York, to be General Counsel for the Department of the Treasury.

William Toti, of Florida, to be Under Secretary of the Navy.

Anny Vu, of California, a Career Member of the Senior Foreign Service, Class of Counselor, to be an Assistant Secretary of State (Emerging Threats).

Paul Watzlavick, of Texas, a Career Member of the Senior Foreign Service, Class of Counselor, to be Ambassador Extraordinary and Plenipotentiary of the United States of America to the Republic of Suriname.

Jeremy Wiggins, of the District of Columbia, to be an Assistant Secretary of the Treasury.

Related

Nominations and Withdrawal Sent to the Senate

Presidential Actions, Nominations & Appointments | June 1, 2026

Nominations Sent to the Senate

Presidential Actions, Nominations & Appointments | January 13, 2026

Nominations Sent to the Senate

Presidential Actions | March 11, 2025

Nominations Sent to the Senate

Presidential Actions, Nominations & Appointments | August 7, 2026

Nomination Sent to the Senate

Presidential Actions, Nominations & Appointments | October 21, 2025

# Exhibit B

**THE WHITE HOUSE**

WASHINGTON

September 25, 2026

MEMORANDUM FOR CHARLES NEIL FLOYD
Immigration Judge, Department of Justice

Pursuant to the Constitution and the laws of the United States, including section 3345(a) of title 5, United States Code, you are directed to perform the functions and duties of the office of United States Attorney for the Western District of Washington.



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: APPOINTMENT OF ROGER SCOTT ROGOFF AS UNITED STATES ATTORNEY PURSUANT TO 28 U.S.C. § 546(d) | GENERAL ORDER 09-26 |

The Western District of Washington's last presidentially nominated and Senate-confirmed United States Attorney was Nicholas W. Brown. He resigned effective June 21, 2023. Tessa M. Gorman, then-First Assistant, automatically became the Acting United States Attorney pursuant to the Federal Vacancies Reform Act, 5 U.S.C. § 3345(a)(1), and her service in that position was subject to a 210-day time limit.[1] On December 27, 2023, then-Attorney General Merrick B. Garland appointed Ms. Gorman the Interim United States Attorney pursuant to 28 U.S.C. § 546(a), effective January 19, 2024.[2] Ms. Gorman was sworn in on January 16, 2024,

[1] *See* 5 U.S.C. § 3346.

[2] *See* Office of the Attorney General, Order No. 5846-2023.

and a 120-day time limit constrained her appointment.[3] On May 9, 2024, the District Court appointed Ms. Gorman the United States Attorney for the Western District of Washington pursuant to 28 U.S.C. § 546(d) to serve until the vacancy was filled. Her appointment became effective on May 18, 2024.[4] Then-President Joseph R. Biden did not subsequently nominate another permanent United States Attorney for this District. On February 13, 2025, reportedly at the direction of President Donald J. Trump, Ms. Gorman was dismissed from her position. A presidentially nominated and Senate-confirmed officer did not succeed her. The President has not yet nominated a permanent United States Attorney for this District, and the vacancy triggered by Mr. Brown's departure persists.

The United States Attorney, as the chief federal law enforcement officer in the District, plays an instrumental role in protecting community wellbeing and safety.[5] On January 14, 2026, the Court announced its intent to again appoint a United States Attorney under Section 546(d).[6] On March 24, 2026, the Court announced that it was in receipt of applications and appointed a Merit Selection Panel to report to the Court those applicants qualified for interviews.[7]

WHEREFORE, in view of the longstanding United States Attorney vacancy in this District, and to ensure the integrity and effective administration of justice in this District, the Court has unanimously decided to appoint a United States Attorney. The undersigned, in accordance with the decision of the Judges of this Court, hereby appoints Roger Scott Rogoff to

---

[3] *See* 28 U.S.C. § 546(c)(2).

[4] *See* General Order 06-24.

[5] *See* Department of Justice Manual, Section 9-2.000 *et seq.*

[6] *See* Order re: The Possible Appointment of a United States Attorney Pursuant to 28 U.S.C § 546(d).

[7] *See* General Order 04-26.

be the United States Attorney for the Western District of Washington, with immediate effect, pursuant to 28 U.S.C. § 546(d).

Mr. Rogoff has deep ties to the Western District of Washington and has devoted his career to serving its citizens. He served as a King County Prosecutor, an Assistant United States Attorney in Seattle, a King County Superior Court Judge, and the Director of the Washington State Office of Independent Investigations. He also mentored future trial attorneys as an instructor at the University of Washington School of Law, his alma mater, and worked as a solo practitioner and Assistant General Counsel at Microsoft.

Mr. Rogoff is authorized to serve as the United States Attorney for the Western District of Washington until the vacancy is filled by an officer appointed by the President with the advice and consent of the Senate in accordance with the United States Constitution, Article II, Section 2 and 28 U.S.C. § 541(a).

Dated this 15th day of July, 2026.

David G. Estudillo
Chief United States District Judge

**From:** "DeWitt-Snow, Morgan EOP/WHO" <[redacted]>
**Date:** July 15, 2026 at 8:34:27 AM PDT
**To:** Roger Rogoff <[redacted]>
**Subject: Message from the President**

Dear Mr. Roger Rogoff,

The President of the United States has directed that I inform you that, pursuant to his authority under 28 U.S.C. 541(c) and Article II of the Constitution, you are hereby removed from the office of the United States Attorney for the Western District of Washington.

Morgan DeWitt Snow
Deputy Director of Presidential Personnel
Executive Office of the President
Cell: [redacted] (no text)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

ROGER ROGOFF,

Plaintiff,

vs.

DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; and U.S. DEPARTMENT OF JUSTICE,

Defendants.

Civil Action No. 2:26-cv-02566

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**



MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ....................1
II. JURISDICTION AND VENUE ....................5
III. PARTIES ....................5
IV. FACTS ....................6
A. Appointment and Removal of U.S. Attorneys ....................6
B. Procedure for Temporarily Filling U.S. Attorney Vacancies ....................7
1. 28 U.S.C. § 546 ....................7
2. The Federal Vacancies Reform Act ....................9
C. Interim Appointments of the U.S. Attorney for the Western District of Washington ....................10
D. The Court's Appointment of Mr. Rogoff as U.S. Attorney ....................12
E. Defendants' Purported Firing of Mr. Rogoff ....................13
F. Similar Purported Firings in Other Districts ....................14
1. District of New Jersey ....................15
2. Northern District of New York ....................17
3. Eastern District of Virginia ....................19
4. Other Districts ....................20
G. Defendants' Actions Will Cause Irreparable Harm ....................21
V. CLAIMS FOR RELIEF ....................22
VI. PRAYER FOR RELIEF ....................25



MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

## I. INTRODUCTION

1. The office of the United States Attorney for the Western District of Washington has been vacant, and the President has yet to nominate anyone to fill that vacancy.[1] The United States District Court for the Western District of Washington validly appointed Plaintiff Roger Rogoff as U.S. Attorney for this district pursuant to express statutory authority that Congress provided for filling vacancies like this one, 28 U.S.C. § 546(d). That statute is firmly rooted in, and designed to protect, Congress's Appointments Clause power to prescribe the method for filling inferior officer vacancies, including for U.S. Attorneys. *United States v. Gantt*, 194 F.3d 987, 998-1000 (9th Cir. 1999), *overruled in part on other grounds*, *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008). Under that statute, Mr. Rogoff continues to serve until a successor is named through the default method of selection under the Appointments Clause—presidential nomination and Senate confirmation. 28 U.S.C. §§ 541(a), 546(d). Defendants' attempt to fire him cannot stand.

2. The Appointments Clause "is among the significant structural safeguards of the constitutional scheme." *Edmond v. United States*, 520 U.S. 651, 659 (1997). It gives the President a central role in naming officers of the United States but also requires congressional involvement in these important appointments. That arrangement recognizes the President's need for sufficient control over those who execute the laws while simultaneously giving Congress the power to give—or withhold—consent, thus guarding against "Executive abuses of the appointment power" and "promot[ing] a judicious choice of [persons] for filling the offices of the union." *Id.* (alteration in original) (quoting The Federalist No. 76, at 386-87 (A. Hamilton) (M. Beloff ed., 1987)). For inferior officers, like U.S. Attorneys, the Appointments Clause grants Congress even more power. While the default method of appointment for inferior officers

[1] *See* U.S. Dep't of Just., Press Release, U.S. Attorney Nick Brown Announces Departure from U.S. Attorney's Office (June 20, 2023), https://www.justice.gov/usao-wdwa/pr/us-attorney-nick-brown-announces-departure-us-attorneys-office; U.S. Senate Comm. for the Judiciary, Executive Nominations, https://www.judiciary.senate.gov/nominations/executive (last visited July 21, 2026).

is by presidential nomination and Senate confirmation, the Appointments Clause provides that "Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art. II, § 2, cl. 2.

3. United States Attorneys are inferior officers, *Gantt*, 194 F.3d at 999, who are appointed by the default method of presidential nomination and Senate confirmation, 28 U.S.C. § 541(a). But to ensure continuity in U.S. Attorney offices, Congress has exercised its constitutional power to craft a statutory scheme for *temporarily* filling a U.S. Attorney vacancy without Senate confirmation. That scheme balances the same considerations and furthers the same separation-of-powers principles as the Appointments Clause itself. When a U.S. Attorney vacancy arises, the Executive Branch can make interim appointments through either § 546 or the Federal Vacancies Reform Act ("FVRA"), but both limit the amount of time that an Executive's interim appointee may serve. *See* 28 U.S.C. § 546(a), (c); 5 U.S.C. §§ 3345, 3346.

4. As relevant here, under § 546, "the Attorney General may appoint a United States attorney for the district in which the office of United States attorney is vacant," and that appointment may last no longer than 120 days. 28 U.S.C. § 546(a), (c). When the Attorney General's "appointment expires," the power to appoint an interim officeholder shifts to the district court of the district where the office is vacant. *Id.* § 546(d). A U.S. Attorney appointed by a district court serves "until the vacancy is filled" with a Senate-confirmed nominee. *Id.* § 546(d); *see id.* § 541(a). That carefully calibrated design ensures the work of the U.S. Attorney's Office can continue through a vacancy and that the President (through the Attorney General) retains a central role in selecting executive officials. But it also prevents the Executive from indefinitely evading Congress's constitutional role in appointments by placing time limits on the Executive's power to make interim appointments and incentivizing the President to identify a nominee whom the Senate will confirm.

5. In this case, the Court lawfully exercised its congressionally conferred power. Then-Attorney General Merrick Garland appointed Tessa Gorman as interim U.S. Attorney in

January 2024.[2] Then-Attorney General Pamela Bondi later appointed Charles Neil Floyd as interim U.S. Attorney; he was sworn in on October 6, 2025.[3] On July 15, 2026, after the Attorney General's 120-day appointment authority under § 546(d) had expired, and after the time for an interim FVRA appointment had also elapsed, the Court appointed Mr. Rogoff to serve as U.S. Attorney pursuant to § 546(d). Less than one hour after Mr. Rogoff was sworn in as U.S. Attorney, he was informed by the Deputy Director of Presidential Personnel for the Executive Office of the President that the President had fired him.

6. Mr. Rogoff's purported firing contravenes the plain text of § 546(d). Section 546(d) provides that Mr. Rogoff shall serve "until the vacancy is filled" by a Senate-confirmed U.S. Attorney. But no person has yet been nominated, let alone confirmed, to fill the vacancy.[4]

7. The purported firing also violates the Constitution. The Appointments Clause authorizes Congress to decide how inferior officers are appointed, which it did by giving courts a role in designating interim U.S. Attorneys to incentivize the President to seek Senate advice and consent to fill vacancies. By purporting to fire Mr. Rogoff—and apparently committing to firing anyone else a district court appoints without "the support of POTUS"[5]—the President has attempted to negate Congress's exercise of its constitutionally enumerated power. In enacting § 546(d), Congress vested the appointment of interim U.S. Attorneys, under certain circumstances, in a "Court[] of Law," *not* "in the President alone." U.S. Const. art. II, § 2, cl. 2. The President cannot grant himself the authority to make those interim appointments instead, nor can he rewrite § 546(d) to require presidential approval of the district court's choice. But in

---

[2] U.S. Dep't of Just., Press Release, Tessa M. Gorman Sworn in as U.S. Attorney, Western District of Washington (Jan. 16, 2024), https://www.justice.gov/usao-wdwa/pr/tessa-m-gorman-sworn-us-attorney-western-district-washington.

[3] U.S. Dep't of Just., Press Release, Charles Neil Floyd Appointed Interim U.S. Attorney for the Western District of Washington (Oct. 6, 2025), https://www.justice.gov/usao-wdwa/pr/charles-neil-floyd-appointed-interim-us-attorney-western-district-washington.

[4] *See* U.S. Senate Comm. for the Judiciary, Executive Nominations, *supra* note 1.

[5] Todd Blanche (@DAGToddBlanche), X (Mar. 26, 2026, at 11:03 AM), https://x.com/dagtoddblanche/status/2037229062121300406.

purporting to remove Mr. Rogoff, the President has attempted to do both. If not enjoined by this Court, the purported firing of Mr. Rogoff would nullify the district court's appointment power, which Congress conferred pursuant to its authority under the Appointments Clause.

8. Moreover, Mr. Rogoff's purported termination leaves the Office of the U.S. Attorney for the Western District of Washington in the hands of the President's chosen pick, Charles Neil Floyd—a "First Assistant U.S. Attorney" (and the Attorney General's former interim selection under § 546(a)) who holds himself out as the "chief federal law enforcement officer" for the district despite never having been nominated to, let alone confirmed by, the Senate.[6] Although Floyd is exercising all the authority of the U.S. Attorney—and, under Defendants' view, may do so *indefinitely*—his selection did not comply with the Appointments Clause (and the statutes that spring from it). That state of affairs violates the Constitution and gravely undermines the separation-of-powers principles that the Appointments Clause is intended to protect.

9. Defendants' actions have caused and continue to cause irreparable harm to Mr. Rogoff and to the administration of justice in this district. U.S. Attorneys have a statutory duty to prosecute all federal offenses within the district and to prosecute and defend, for the federal government, all civil actions in which the United States is concerned. 28 U.S.C. § 547. The fulfillment of these statutory duties of a U.S. Attorney advances the administration of justice. By preventing Mr. Rogoff from fulfilling the duties lawfully entrusted to him, Defendants' actions are causing immediate and severe harm to Mr. Rogoff and the public interest.

10. Mr. Rogoff brings this action for declaratory and injunctive relief in order to enforce the limits Congress placed on interim appointments, ensure compliance with the Appointments Clause, and protect the separation of powers. Unless enjoined, Defendants' actions will permit the Executive Branch to evade the Senate's advice-and-consent role indefinitely.

---

[6] U.S. Att'y's Off., W.D. Wash., About the District, https://www.justice.gov/usao-wdwa (last visited July 21, 2026).

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action for declaratory and injunctive relief under 28 U.S.C. §§ 1331, 1361, 2201, and 2202.

12. This Court has jurisdiction to hear Mr. Rogoff's claims. The Merit Systems Protection Board ("MSPB") lacks jurisdiction over Mr. Rogoff's claims because he is not an "employee or applicant for employment." 5 U.S.C. § 7703(a)(1); *see id.* § 7511(a)(1) (defining "employee" to include, for instance, "an individual in the competitive service . . . who has completed 1 year of current continuous service"). Furthermore, and separately, the MSPB's jurisdiction is limited to covered employment actions taken "for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a), (d); *see Comey v. U.S. Dep't of Just.*, 2026 WL 1142679, at *5-6 (S.D.N.Y. Apr. 28, 2026). Because Mr. Rogoff was not fired pursuant to the Civil Service Reform Act's removal provisions, this case sits "outside the universe of cases that Congress intended the MSPB to resolve." *See Comey*, 2026 WL 1142679, at *6 (considering the firing of an Assistant U.S. Attorney based on Article II authority).

13. Venue is proper in this district under 28 U.S.C. § 1391(e)(1).

## III. PARTIES

14. Plaintiff Roger Rogoff is the U.S. Attorney for the Western District of Washington. The United States District Court for the Western District of Washington appointed Mr. Rogoff as U.S. Attorney for the district pursuant to § 546(d) on July 15, 2026, and Mr. Rogoff was sworn in that same day with immediate effect.

15. Defendant Donald J. Trump is the President of the United States and is responsible for the purported removal of Mr. Rogoff from his office. He is sued in his official capacity.

16. Defendant Executive Office of the President is a federal agency headquartered in Washington, D.C. and is responsible for the purported removal of Mr. Rogoff from his office.

17. Defendant Todd Blanche is the Acting Attorney General of the United States and is responsible for the purported removal of Mr. Rogoff from his office. He is sued in his official capacity.

18. Defendant U.S. Department of Justice ("DOJ") is a federal agency headquartered in Washington, D.C. and is responsible for the purported removal of Mr. Rogoff from his office.

## IV. FACTS

### A. Appointment and Removal of U.S. Attorneys

19. U.S. Attorneys serve as the chief federal law enforcement officers in each federal district. They are charged by statute with "prosecut[ing] all offenses against the United States" and "prosecut[ing] or defend[ing] the Government" in civil actions or proceedings, among other responsibilities. 28 U.S.C. § 547.

20. Article II of the U.S. Constitution prescribes the exclusive means for appointing officers of the United States. The Appointments Clause provides:

> [The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. art. II, § 2, cl. 2.

21. The requirements of the Appointments Clause thus differ depending on the type of officer in question. Principal officers must be nominated by the President and confirmed by the Senate. Inferior officers, by contrast, do not necessarily have to be selected in this manner. Presidential nomination and Senate confirmation is the "default" rule for their appointment. *United States v. Arthrex, Inc.*, 594 U.S. 1, 12 (2021). But the Founders gave Congress the option to "vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art. II, § 2, cl. 2.

22. Congress may also prescribe the method by which an inferior officer under the Appointments Clause may be removed. So long as the Executive retains sufficient control over an inferior officer, Congress may limit the Executive's power to remove that officer. *See Seila Law LLC v. CFPB*, 591 U.S. 197, 217-18 (2020); *Arthrex*, 594 U.S. at 26-27; *Kennedy v. Braidwood Mgmt., Inc.*, 606 U.S. 748, 765-69 (2025).

23. U.S. Attorneys are inferior officers. *Gantt*, 194 F.3d at 999. By default, and as every President has recognized since George Washington nominated the first U.S. Attorneys in 1789,[7] they are appointed by the President, with the advice and consent of the Senate. Today, the historical understanding that presidential U.S. Attorney nominees must secure Senate confirmation is codified at 28 U.S.C. § 541(a).[8] For U.S. Attorneys appointed via the default method of presidential nomination and Senate confirmation, Congress decreed that they are "subject to removal by the President." 28 U.S.C. § 541(c).

**B. Procedure for Temporarily Filling U.S. Attorney Vacancies**

24. Recognizing that U.S. Attorney offices may become vacant and the importance of continuity in these offices, Congress created a separate statutory framework for temporarily filling a vacant U.S. Attorney position without Senate involvement. That framework—which provides two paths for interim or acting U.S. Attorney appointments—operates as a stopgap while the President nominates, and the Senate confirms, a U.S. Attorney in the ordinary course. *See* 28 U.S.C. § 541(a). The first path is 28 U.S.C. § 546. The second path is the FVRA. 5 U.S.C. § 3345 *et seq*.

**1. 28 U.S.C. § 546**

25. The first path, 28 U.S.C. § 546, is titled "Vacancies," and it states as follows:

---

[7] Letter from George Washington, U.S. President, to the U.S. Senate (Sept. 24, 1789), https://founders.archives.gov/documents/Washington/05-04-02-0053 (nominating original U.S. Attorneys); *see also* Robert H. Jackson, U.S. Att'y Gen., Address Delivered at the Second Annual Conference of United States Attorneys: The Federal Prosecutor 2 (Apr. 1, 1940) ("[T]he post of [U.S. Attorney] from the very beginning has been safeguarded by presidential appointment, requiring confirmation of the Senate.").

[8] *See* Act of Sept. 6, 1966, Pub. L. No. 89-554, § 541(a), 80 Stat. 617, 617.

> **(a)** Except as provided in subsection (b), the Attorney General may appoint a United States attorney for the district in which the office of United States attorney is vacant.
> **(b)** The Attorney General shall not appoint as United States attorney a person to whose appointment by the President to that office the Senate refused to give advice and consent.
> **(c)** A person appointed as United States attorney under this section may serve until the earlier of—
>> **(1)** the qualification of a United States attorney for such district appointed by the President under section 541 of this title; or
>> **(2)** the expiration of 120 days after appointment by the Attorney General under this section.
>
> **(d)** If an appointment expires under subsection (c)(2), the district court for such district may appoint a United States attorney to serve until the vacancy is filled. The order of appointment by the court shall be filed with the clerk of the court.

26. Under § 546(a), the Attorney General may appoint an interim U.S. Attorney to fill a vacant office for a limited time. The Attorney General's appointee may remain in office for 120 days or until a replacement is nominated and confirmed, whichever comes earlier. 28 U.S.C. § 546(c). After the 120-day term expires, the interim appointment power shifts to the district court, which may appoint a U.S. Attorney to serve "until the vacancy is filled." *Id.* § 546(d). A vacancy is filled only when the President nominates and the Senate confirms a replacement. *Id.* § 541(a). Section 546(d) does not limit whom the district court may select as U.S. Attorney and does not require the court to select an individual who has been approved by the Executive Branch.

27. This power-shifting structure is express and intentional. In 2006, Congress briefly eliminated the district court's role and removed the 120-day limit on Attorney General appointments, allowing the Attorney General's designee to serve indefinitely. *See* Pub. L. No. 109-177, § 502, 120 Stat. 192, 246 (2006). But almost immediately, those amendments "invited and abetted an apparent abuse of power" by the Executive Branch that "threaten[ed] to undermine the effectiveness and professionalism of U.S. attorneys offices around the country." 153 Cong. Rec. S1993 (2007). Accordingly, just one year later, Congress reverted to the prior version of the statute. *See* Pub. L. No. 110-34, § 2, 121 Stat. 224 (2007). Those provisions were

reinstated to "provide[] a practical incentive for the President to nominate a new U.S. attorney," thereby avoiding "prolonged circumvention of the Senate's advice and consent function for U.S. attorneys." *Restoring Checks and Balances in the Confirmation Process of United States Attorneys: Hearing on H.R. 580 Before the Subcomm. on Commercial & Administrative Law of the H. Comm. on the Judiciary*, 103rd Cong. at 132, 145 (2007) (statement of T.J. Halstead, Legis. Att'y, Am. Law Div., Cong. Rsch. Serv.).

28. By returning to the status quo, Congress restored a longstanding judicial authority. The Attorney General's power to appoint an interim U.S. Attorney is of recent vintage—1986. *See* Pub. L. No. 99-646, § 69, 100 Stat. 3592, 3616-17. But the *Judiciary's* authority to appoint interim U.S. Attorneys until a successor is nominated and confirmed dates to the 1860s. *See Gantt*, 194 F.3d at 998; Act of March 3, 1863, ch. 93, § 2, 12 Stat. 768, 768. Congress has emphasized that the Judiciary's role in interim appointments is a "vital limit[]" on the Executive's authority that incentivizes the Executive "to fill vacancies with Senate-confirmable nominees." 153 Cong. Rec. S1994 (2007).

29. Notably, the constraint § 546(d) places on the method for removing a court-appointed U.S. Attorney leaves the President "responsible for the exercise of executive power." *See Arthrex*, 594 U.S. at 26-27. The President remains free to remove a § 546(d) U.S. Attorney for any reason by filling the vacant office with a Senate-confirmed U.S. Attorney; and the Attorney General (a principal officer subject to at-will removal by the President) retains "plenary authority" over a § 546(d) U.S. Attorney. *Gantt*, 194 F.3d at 999-1000.

### 2. The Federal Vacancies Reform Act

30. The FVRA, which applies broadly to offices throughout the Executive Branch requiring presidential nomination and Senate confirmation, provides a second path for temporarily filling a U.S. Attorney vacancy. Pursuant to the FVRA, "[i]f an officer of an Executive Agency . . . whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office . . . the first assistant to the office of such officer shall perform

the functions and duties of the office temporarily in an acting capacity." 5 U.S.C. § 3345(a). That default provision is self-executing, without requiring anyone to make an interim appointment. The FVRA also provides that the President may override that default provision by appointing as Acting U.S. Attorney either someone who been confirmed by the Senate for another office, *id.* § 3345(a)(2), or an officer or employee of the agency who meets certain statutorily prescribed seniority and experience requirements, *id.* § 3345(a)(3).

31. Under all three FVRA provisions, the acting official may serve in the acting role for no more than 210 days (or for a longer defined term during a presidential transition period, *id.* § 3349a(b)) "beginning on the date the vacancy occurs" or, subject to certain requirements, while a nomination is pending. *Id.* § 3346(a).

**C. <u>Interim Appointments of the U.S. Attorney for the Western District of Washington</u>**

32. The Western District of Washington has not had a Senate-confirmed U.S. Attorney since June 2023, when then-U.S. Attorney Nicholas Brown resigned from his position.[9] Since the resignation of Mr. Brown, no President has nominated anyone to fill the vacancy.[10]

33. Tessa Gorman, then the First Assistant U.S. Attorney, became Acting U.S. Attorney upon Mr. Brown's resignation pursuant to the FVRA's default provision, 5 U.S.C. § 3345(a).[11] When the FVRA's 210-day limit for acting service expired, Ms. Gorman was appointed the interim U.S. Attorney by then-Attorney General Merrick Garland under § 546(a).[12] Upon expiration of the 120-day limit for the Attorney General's appointee set forth in § 546(c),

[9] U.S. Dep't of Just., Press Release, U.S. Attorney Nick Brown Announces Departure from U.S. Attorney's Office, *supra* note 1.

[10] *See* U.S. Senate Comm. for the Judiciary, Executive Nominations, *supra* note 1.

[11] U.S. Dep't of Just., Press Release, U.S. Attorney Nick Brown Announces Departure from U.S. Attorney's Office, *supra* note 1.

[12] U.S. Dep't of Just., Press Release, Tessa M. Gorman Sworn in as U.S. Attorney, *supra* note 2.

in May 2024, the District Court for the Western District of Washington appointed Ms. Gorman to continue as the U.S. Attorney pursuant to § 546(d).[13]

34. Shortly after President Trump's inauguration last year, in February 2025, the President purported to fire Ms. Gorman; Ms. Gorman did not file a challenge to her removal in court.[14] Teal Luthy Miller, who was at that time the First Assistant U.S. Attorney, assumed the title of Acting U.S. Attorney pursuant to the FVRA.[15]

35. On October 6, 2025, then-Attorney General Pamela Bondi announced the appointment of Charles Neil Floyd to serve as interim U.S. Attorney for the Western District of Washington pursuant to § 546(a); he was sworn in that same day.[16]

36. On the 120th day (February 2, 2026), then-Attorney General Bondi designated Mr. Floyd to serve as First Assistant U.S. Attorney.[17] As of the date of this Complaint, Mr. Floyd has maintained the title of First Assistant U.S. Attorney. With this change in title, Mr. Floyd has continued to hold himself out as the *de facto* head of the U.S. Attorney's Office. Mr. Floyd stated: "While my title has changed, what has not changed is my leadership of the men and women of the U.S. Attorney's Office."[18]

---

[13] General Order 06-24, *In the Matter of the Appointment of Tessa Gorman as United States Attorney* (W.D. Wash. May 9, 2024), https://www.wawd.uscourts.gov/sites/wawd/files/05092024GOAppointingTessaGorman.pdf.

[14] Mike Carter, *Trump Dismisses Seattle-Based U.S. Attorney as Part of Nationwide Purge*, Seattle Times (Feb. 13, 2025), https://www.seattletimes.com/seattle-news/law-justice/trump-dismisses-seattle-based-u-s-attorney-as-part-of-nationwide-purge/.

[15] *Id.*

[16] U.S. Dep't of Just., Press Release, Charles Neil Floyd Appointed Interim U.S. Attorney for the Western District of Washington, *supra* note 3. At the time that Mr. Floyd was appointed, the 120-day limit for § 546(a) appointees had already expired because Ms. Gorman had served as a § 546(a) appointee for 120 days. Nobody challenged Mr. Floyd's service as interim U.S. Attorney in court.

[17] U.S. Dep't of Just., Meet the First Assistant U.S. Attorney, https://www.justice.gov/usao-wdwa/meet-us-attorney (last updated Feb. 3, 2026).

[18] Amy Radil, *Justice Department "Workaround" Keeps Former Immigration Judge as Seattle's Top Prosecutor*, KUOW (Feb. 4, 2026), https://www.kuow.org/stories/justice-department-workaround-keeps-former-immigration-judge-as-seattle-s-top-prosecutor-6cbe.

**D. The Court's Appointment of Mr. Rogoff as U.S. Attorney**

37. With the office of U.S. Attorney vacant, and with no presidential nominee for Senate confirmation, the U.S. District Court for the Western District of Washington issued an order on January 14, 2026, stating that "in the event the President does not appoint, with the advice and consent of the Senate, a United States Attorney for the Western District of Washington before February 3, 2026, the Court intends to appoint a United States Attorney under Section 546(d) to serve until the vacancy is filled pursuant to Section 541(a)"—in other words, until the vacancy is filled by a Senate-confirmed U.S. Attorney.[19] The order requested that applicants submit their interest in the position to the Clerk of the Court.

38. Plaintiff Roger Rogoff submitted his name for consideration.

39. Mr. Rogoff is a former Assistant U.S. Attorney for the Western District of Washington. He has deep ties to the District: he received his law degree in 1993 from the University of Washington School of Law, where he has also taught for many years. In addition to his years at the U.S. Attorney's office, he has served in the King County Prosecuting Attorney's Office, as a judge in the King County Superior Court, and as the inaugural director of the Washington State Office of Independent Investigations. His distinguished career has also included time in solo practice, at a respected law firm, and as Associate General Counsel in the Law Enforcement National Security Team at Microsoft.

40. After the Court received applications, it appointed a bipartisan merit selection panel "to consider those applications and to report to the Court those applicants qualified for appointment."[20] Mr. Rogoff was interviewed by the merit selection panel in May 2026, and he was then interviewed by the Court on June 29, 2026.

---

[19] Order, *In re: the Possible Appointment of a United States Attorney Pursuant to 28 U.S.C. § 546(d)* (W.D. Wash. Jan. 14, 2026), https://www.wawd.uscourts.gov/sites/wawd/files/WDWA%20Order%20re%20Possible%20USA%20Appointment%201.14.26.pdf.

[20] General Order 04-26, *In re: Order Appointing Merit Selection Panel to Consider Applications for Appointment as United States Attorney* (W.D. Wash. Mar. 24, 2026), https://www.wawd.uscourts.gov/sites/wawd/files/GO%2004-26.pdf.

41. On July 15, 2026, the Court appointed Mr. Rogoff to serve as U.S. Attorney for the Western District of Washington pursuant to 28 U.S.C. § 546(d).[21] The Court's order appointing Mr. Rogoff stated: "Mr. Rogoff is authorized to serve as the United States Attorney for the Western District of Washington until the vacancy is filled by an officer appointed by the President with the advice and consent of the Senate in accordance with the United States Constitution, Article II, Section 2 and 28 U.S.C. § 541(a)."[22] That same day, Mr. Rogoff was sworn in as U.S. Attorney with immediate effect.

**E. <u>Defendants' Purported Firing of Mr. Rogoff</u>**

42. Even before the Court appointed Mr. Rogoff, Defendants appeared committed to firing whomever the Court appointed as U.S. Attorney pursuant to § 546(d).

43. Shortly after the Court announced its appointment of a merit selection panel, then-Deputy (now Acting) Attorney General Blanche posted on X: "These candidates do not have the support of POTUS, and I expect they will suffer the same fate as others have when judges ignore Article II."[23] Acting Attorney General Blanche was referring to the Executive's firings of court-appointed U.S. Attorneys in other districts.

44. Acting Attorney General Blanche's promise was carried out. Less than an hour after Mr. Rogoff was sworn in, he was purportedly fired via an email from the Deputy Director of Presidential Personnel that stated: "The President of the United States has directed that I inform you that, pursuant to his authority under 28 U.S.C. 541(c) and Article II of the Constitution, you are hereby removed from the office of the United States Attorney for the Western District of Washington."

---

[21] General Order 09-26, *In re: Appointment of Roger Scott Rogoff as United States Attorney Pursuant to 28 U.S.C. § 546(d)* (W.D. Wash. July 15, 2026), https://www.wawd.uscourts.gov/sites/wawd/files/WDWA%20US%20Attorney%20Appointment%20Order%20%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%29.pdf.

[22] *Id.*

[23] Todd Blanche, X, *supra* note 5.

45. That evening, Acting Attorney General Blanche posted on X: "District court judges can appoint a temporary U.S. Attorney, and POTUS can fire them. WDWA judges abandoned the time-honored process of consultation with the administration so that the selected U.S. Attorney is qualified to serve in the administration. Roger Rogoff has been fired by the President."[24]

46. As a result of Defendants' actions, Mr. Rogoff has been prevented from functioning as the U.S. Attorney for the Western District of Washington. Defendants have not given Mr. Rogoff access to the physical offices or electronic systems of the U.S. Attorney's Office, and they are not treating him as the U.S. Attorney for the Western District of Washington. Instead, Defendants continue to treat Mr. Floyd as the head of the U.S. Attorney's Office in the district.

47. As of the date of this Complaint, DOJ's website for this district continues to list "First Assistant U.S. Attorney Charles Neil Floyd" as "the chief federal law enforcement officer in Western Washington."[25] President Trump has not nominated for Senate consideration any individual to be U.S. Attorney for the Western District of Washington.[26]

### F. Similar Purported Firings in Other Districts

48. As detailed below, in multiple other districts, Defendants have purported to fire U.S. Attorneys appointed by district courts under § 546(d), which in some districts has resulted in individuals selected by the Executive Branch serving as *de facto* U.S. Attorneys indefinitely without Senate confirmation.[27] The other court-appointed U.S. Attorneys whom Defendants have purported to fire have not filed challenges in court.

---

[24] Todd Blanche (@DAGToddBlanche), X (July 15, 2026, at 9:11 PM), https://x.com/DAGToddBlanche/status/2077501246294929627.

[25] U.S. Att'y's Off., W.D. Wash., About the District, *supra* note 6.

[26] *See* U.S. Senate Comm. for the Judiciary, Executive Nominations, *supra* note 1.

[27] In some districts, the President has not sought to fire the district courts' § 546(d) appointees, including where the district courts chose to appoint the same person whom the Attorney General had appointed to be interim U.S. Attorney under § 546(a). *See, e.g.*, U.S. Dep't of Just., Meet the U.S. Attorney, https://www.justice.gov/usao-az/meet-us-attorney (last visited July 21, 2026)

49. In each district, the purported firing of a § 546(d) U.S. Attorney jeopardized the administration of justice by creating uncertainty as to who properly wields the power of the U.S. Attorney's office and by calling into question the validity of each office's prosecutorial and enforcement actions.

**1. District of New Jersey**

50. In the District of New Jersey, near the end of Alina Habba's 120-day term as interim U.S. Attorney under § 546(a), the district court issued an order stating that, pursuant to § 546(d), Desiree Leigh Grace would be interim U.S. Attorney after the expiration of Ms. Habba's 120-day service period.[28] Ms. Grace had served in the U.S. Attorney's Office for nearly a decade, including as criminal division chief and as First Assistant U.S. Attorney.[29] Ms. Habba, who was one of the President's personal lawyers, lacked any prosecutorial experience prior to her appointment by then-Attorney General Bondi.[30]

51. Within hours, then-Attorney General Bondi posted on X that Ms. Grace "has been removed," stating that DOJ "does not tolerate rogue judges."[31] Then-Deputy Attorney General Blanche likewise stated: "Pursuant to the President's authority, we have removed [Ms. Grace],

("Timothy Courchaine was appointed by Attorney General Pam Bondi to serve as United States Attorney for the District of Arizona on February 28, 2025. The District Court of Arizona re-appointed Mr. Courchaine on June 17, 2025."); U.S. Dep't of Just., Meet the U.S. Attorney, https://www.justice.gov/usao-edca/staff-profile/us-attorney-eric-grant (last visited July 21, 2026) ("[Eric] Grant was appointed by Attorney General Pam Bondi to serve as the United States Attorney for the Eastern District of California beginning on August 11, 2025. Pursuant to 28 U.S.C. § 546(d), he was further appointed by the district court effective December 9, 2025.").

[28] *See United States v. Giraud*, 160 F.4th 390, 395 (3d Cir. 2025), *reh'g en banc denied*, No. 25-2635 (3d Cir. Jan. 26, 2026).

[29] Tracey Tully, *Who Is Desiree Grace, the Prosecutor Caught Up in a Judicial Crisis?*, N.Y. Times (July 22, 2025), https://www.nytimes.com/2025/07/22/nyregion/desiree-grace-new-jersey-us-attorney.html.

[30] Jake Offenhartz & Alanna Durkin Richer, *Trump's Former Lawyer Alina Habba Resigns as Top Federal Prosecutor in New Jersey*, Associated Press (Dec. 8, 2025), https://apnews.com/article/alina-habba-51e1fbd348adcc099c0e65338cbbd102.

[31] Pamela Bondi (@AGPamBondi), X (July 22, 2025, at 9:18 PM), https://x.com/AGPamBondi/status/1947768353025556950.

effective immediately. This backroom vote will not override the authority of the Chief Executive."[32]

52. Then-Attorney General Bondi attempted to extend Ms. Habba's service as the head of the U.S. Attorney's Office for the District of New Jersey beyond the 120 days permitted under § 546(a) by appointing her as a "Special Attorney" and First Assistant U.S. Attorney, claiming that the "First Assistant" title authorized her to serve as Acting U.S. Attorney under the FVRA.[33] A court later determined that these maneuvers were unlawful, disqualifying Ms. Habba from the prosecutions at issue before the court and ultimately prompting her resignation.[34]

53. Following Ms. Habba's resignation, then-Attorney General Bondi attempted to delegate authority to a "triumvirate" of three prosecutors to jointly serve as *de facto* heads of the U.S. Attorney's Office; their appointment too was determined to have been unlawful.[35]

54. The changing and uncertain leadership of the office created "chaos" and "months of turbulence,"[36] with one district court warning that any Assistant U.S. Attorneys "acting under the supervision" of an unlawfully appointed office head are "subject to disqualification," and "that any further attempts to unlawfully fill the office will result in dismissals of pending cases."[37]

55. The district court and the President's "administration" then reached an "agreement," and the court appointed Robert Frazier under § 546(d)—signaling Defendants'

---

[32] Todd Blanche (@DAGToddBlanche), X (July 22, 2025, at 9:19 PM), https://x.com/DAGToddBlanche/status/1947768601454514308.

[33] *See United States v. Giraud*, 795 F. Supp. 3d 560, 570-71 (D.N.J. 2025).

[34] *Giraud*, 160 F.4th at 406-07; Offenhartz & Richer, *supra* note 30.

[35] *See United States v. Naviwala*, 825 F. Supp. 3d 451, 465-67 (D.N.J. 2026).

[36] Tracey Tulley & Jonah E. Bromwhich, *New Top Prosecutor Named in Embattled U.S. Attorney's Office*, N.Y. Times (Mar. 23, 2026), https://www.nytimes.com/2026/03/23/nyregion/new-attorney-nj-habba.html.

[37] *Naviwala*, 825 F. Supp. 3d at 465, 531.

insistence, found nowhere in the statutory scheme, that the President must preapprove the court's choice of U.S. Attorney.[38]

**2. Northern District of New York**

56. In the Northern District of New York, upon the expiration of John Sarcone III's 120-day term as interim U.S. Attorney under § 546(a), then-Attorney General Bondi employed maneuvers similar to those that had failed in New Jersey to keep Mr. Sarcone in charge: she designated Mr. Sarcone as a "Special Attorney" and as "First Assistant."[39] Mr. Sarcone then declared himself to be Acting U.S. Attorney purportedly under the authority of the FVRA.[40] Mr. Sarcone, like Ms. Habba, had no prior prosecutorial experience.[41]

57. A court in that district determined that Mr. Sarcone's appointment was unlawful.[42] That ruling cast doubt on the validity of any actions Mr. Sarcone purported to take as Acting U.S. Attorney. The court quashed grand jury subpoenas Mr. Sarcone personally sought against "a perceived rival of the President," the Office of the New York State Attorney General, led by Letitia James, holding that "[a]ny of his past or future acts taken in that capacity [of Acting U.S. Attorney] are void or voidable," and it disqualified him from further participation in the investigation that prompted the subpoenas.[43] And in a separate ruling, the court denied Mr. Sarcone's application for a court order directing the IRS to disclose tax return

---

[38] Andrew Goudsward, *Court Names New Jersey Federal Prosecutor, Ending Standoff with Trump Administration*, Reuters (Mar. 23, 2026), https://www.reuters.com/legal/legalindustry/court-names-new-jersey-federal-prosecutor-ending-standoff-with-trump-2026-03-23/; *see also* Standing Order 2026-03, *In re: Appointment of United States Attorney for the District of New Jersey* (D.N.J. Mar. 23, 2026), https://www.njd.uscourts.gov/sites/njd/files/STANDINGORDER2026-03.pdf.

[39] *See In re Grand Jury Subpoenas to Off. of N.Y. State Att'y Gen.*, 814 F. Supp. 3d 284, 288-89, 294 (N.D.N.Y. 2026), *appeal filed*, No. 26-156 (2d Cir. Jan. 23, 2026).

[40] *See id.* at 294.

[41] *See* U.S. Att'y's Off., N.D.N.Y., Staff Profile, First Assistant U.S. Attorney: John A. Sarcone III, https://www.justice.gov/usao-ndny/staff-profile/us-attorney (last updated Feb. 10, 2026).

[42] *Grand Jury Subpoenas*, 814 F. Supp. 3d at 298.

[43] *Id.* at 298, 300.

information—an application that can be made only by certain designated officials, including the U.S. Attorney.[44]

58. The district court then appointed Donald Kinsella as interim U.S. Attorney pursuant to § 546(d).[45] Mr. Kinsella had more than 50 years of litigation experience and extensive prosecutorial experience, having served as an Assistant United States Attorney and the criminal division chief.[46]

59. Immediately after the appointment, then-Deputy Attorney General Blanche posted on X: "Judges don't pick U.S. Attorneys, @POTUS does. See Article II of our Constitution. You are fired, Donald Kinsella."[47]

60. As of the date of this Complaint, using the title of "First Assistant U.S. Attorney," Mr. Sarcone is continuing to hold himself out as the "chief federal law enforcement officer responsible for all federal criminal prosecutions and civil litigation involving the United States in the Northern District of New York."[48]

---

[44] *See In re Matter of an Appl. for an Ex Parte Order to Authorize Disclosure of Tax Returns & Tax Return Info.*, 2026 WL 63331, at *1 (N.D.N.Y. Jan. 8, 2026).

[45] U.S. Dist. Ct., N.D.N.Y., Court Announcement: Kinsella, District Court for the Northern District of New York (Feb. 11, 2026), https://www.nynd.uscourts.gov/sites/nynd/files/Announcement%20Don%20Kinsella.pdf.

[46] *Id.*

[47] Todd Blanche (@DAGToddBlanche), X (Feb. 12, 2026, at 2:46 AM), https://x.com/DAGToddBlanche/status/2021777972215062787; *see also* Jonah E. Bromwich, *U.S. Attorney Chosen to Replace Trump Pick is Quickly Fired by White House*, N.Y. Times (Feb. 11, 2026), https://www.nytimes.com/2026/02/11/nyregion/donald-kinsella-ndny-sarcone-trump.html.

[48] U.S. Att'y's Off., N.D.N.Y., Staff Profile, First Assistant U.S. Attorney: John A. Sarcone III, *supra* note 41.

### 3. Eastern District of Virginia

61. In the Eastern District of Virginia, Erik Siebert served for 120 days as an interim U.S. Attorney under § 546(a), and then was appointed by the district court to continue serving under § 546(d) in May 2025.[49]

62. Mr. Siebert resigned in September 2025.[50]

63. Following Mr. Siebert's departure, then-Attorney General Bondi purported to appoint Lindsey Halligan, another of the President's personal lawyers, as interim U.S. Attorney under § 546(a).[51] Like Ms. Habba and Mr. Sarcone, Ms. Halligan had no prior prosecutorial experience.[52]

64. A court held that Ms. Halligan was improperly appointed because the Attorney General's authority to appoint interim U.S. Attorneys under § 546(a) had already expired; it dismissed indictments she had obtained against two of President Trump's perceived opponents, former FBI Director James Comey and New York Attorney General Letitia James.[53]

65. The district court then exercised its authority under § 546(d) to appoint James Hundley as U.S. Attorney.[54] Mr. Hundley had over 35 years of litigation experience, had served

---

[49] U.S. Dist. Ct., E.D. Va., Appointment of Erik S. Siebert as Interim U.S. Attorney Effective May 21, 2025 (May 9, 2025), https://www.vaed.uscourts.gov/news/appointment-erik-s-siebert-interim-us-attorney-effective-may-21-2025.

[50] Glenn Thrush et al., *U.S. Attorney Investigating Two Trump Foes Departs Amid Pressure From President*, N.Y. Times (Sept. 19, 2025), https://www.nytimes.com/2025/09/19/us/politics/erik-siebert-comey-letitia-james.html.

[51] *United States v. Comey*, 810 F. Supp. 3d 768, 773 (E.D. Va. 2025), *appeal filed*, No. 25-4674 (4th Cir. Dec. 22, 2025); *United States v. James*, 810 F. Supp. 3d 752, 756 (E.D. Va. 2025), *appeal filed*, No. 25-4673 (4th Cir. Dec. 22, 2025).

[52] Ryan J. Reilly & Dareh Gregorian, *Lindsey Halligan Is No Longer Employed by the Justice Department After Her Departure from Virginia U.S. Attorney's Office*, NBC News (Jan. 26, 2026), https://www.nbcnews.com/politics/justice-department/lindsey-halligan-not-employed-justice-department-us-attorney-rcna255969.

[53] *Comey*, 810 F. Supp. 3d at 780-82; *James*, 810 F. Supp. 3d at 762-64.

[54] U.S. Dist. Ct., E.D. Va., Appointment of James W. Hundley as Interim United States Attorney, Order of Appointment (Feb. 20, 2026), https://www.vaed.uscourts.gov/news/appointment-interim-united-states-attorney-united-states-district-court-eastern-district.

as a prosecutor for the state for six years, and co-founded a law firm with a prominent criminal and civil litigation practice.[55] Within hours, then-Deputy Attorney General Blanche posted on X: "Here we go again. EDVA judges do not pick our US Attorney. POTUS does. James Hundley, you're fired!"[56]

66. In a letter to the New York Times, then-Deputy Attorney General Blanche stated: "A prosecutor selected solely by the judiciary will not remain in office."[57]

67. As of the date of this Complaint, the DOJ website lists J. Frank Bradsher, the Executive Assistant U.S. Attorney, as the head of the U.S. Attorney's Office for the Eastern District of Virginia.[58] DOJ has announced that Theo Stamos has been named First Assistant U.S. Attorney (and thus the *de facto* office head) for the U.S. Attorney's Office for the Eastern District of Virginia, although this change is not yet reflected on the DOJ website.[59] The President nominated Ms. Halligan for confirmation by the Senate to fill the district's vacant U.S. Attorney position, but the Senate has not acted on the nomination.[60]

**4. Other Districts**

68. In other districts, Defendants have also attempted to indefinitely install *de facto* U.S. Attorneys selected by the Executive Branch without Senate confirmation. Every court

---

[55] *Id.*

[56] Todd Blanche (@DAGToddBlanche), X (Feb. 20, 2026, at 11:43 PM), https://x.com/DAGToddBlanche/status/2024993246175261137.

[57] Todd Blanche, Letter to the Editor, *The Power to Remove a U.S. Attorney*, N.Y. Times (Feb. 27, 2026), https://www.nytimes.com/2026/02/27/opinion/jeffrey-epstein-files.html#link-47b3cb56.

[58] U.S. Att'y's Off., E.D. Va., About the District, https://www.justice.gov/usao-edva (last visited July 21, 2026).

[59] Ben Penn, *DOJ Taps Veteran Prosecutor to Lead Embattled Virginia Office*, Bloomberg Law (July 15, 2026), https://news.bloomberglaw.com/us-law-week/doj-taps-veteran-prosecutor-to-lead-embattled-virginia-office.

[60] The White House, Nominations Sent to the Senate (Jan. 13, 2026), https://www.whitehouse.gov/presidential-actions/2026/01/nominations-sent-to-the-senate-078c/; Nomination of Linsey Robyn-Michelle Halligan, PN730-30, 119th Cong. (Jan. 13, 2026), https://www.congress.gov/nomination/119th-congress/730/30.

considering the merits of a challenge to these maneuvers has found them to be unlawful end runs around the Appointments Clause and the FVRA.[61] But faced with Defendants' refusal to recognize district courts' appointment authority under § 546(d), courts in those districts have not exercised their authority to appoint lawful interim U.S. Attorneys, leaving individuals who have not been nominated or confirmed by the Senate to lead the U.S. Attorney's Offices as indefinite *de facto* heads.[62]

**G. Defendants' Actions Will Cause Irreparable Harm**

69. Defendants' firing of Mr. Rogoff has caused—and continues to cause—immediate, severe, and irreparable harm. Mr. Rogoff stands deprived of his statutory authority to function in the role to which the Court lawfully appointed him. Defendants' actions prevent Mr. Rogoff from fulfilling his important statutory duties to do justice, enforce federal law, and protect the people of the Western District of Washington.

70. Defendants' actions also violate the Appointments Clause and the underlying separation of powers principles. By disregarding the carefully calibrated statutory framework that Congress enacted to address U.S. Attorney vacancies, Defendants ignore Congress's exercise of its authority under the Appointments Clause to determine how inferior officers are appointed, and they claim the power to install and remove U.S. Attorneys at will in this district—and elsewhere—without Senate confirmation and outside the bounds of federal law. As illustrated in districts across the country, those actions threaten the very harms that the Appointments Clause was intended to prevent, leaving the President (and all future Presidents)

[61] *See United States v. Ramirez*, 807 F. Supp. 3d 1086, 1114 (C.D. Cal. 2025); *United States v. Ramirez-Martinez*, 2026 WL 113431, at *26 (D.N.M. Jan. 14, 2026); *United States v. Garcia*, 2025 WL 2784640, at *18 (D. Nev. Sep. 30, 2025), *appeal filed*, No. 25-6465 (9th Cir. Oct. 14, 2025).

[62] *See* U.S. Att'y's Off., C.D. Cal., About the District, https://www.justice.gov/usao-cdca (last visited July 21, 2026) (listing "First Assistant United States Attorney" as the office's leadership); U.S. Att'y's Off., D. Nev., About the District, https://www.justice.gov/usao-nv (last visited July 21, 2026) (listing "First Assistant U.S. Attorney" as the office's leadership); U.S. Att'y's Off., D.N.M., About the District of New Mexico, https://www.justice.gov/usao-nm (last visited July 21, 2026) (listing "First Assistant U.S. Attorney" as the office's leadership).

free to appoint whomever he chooses as *de facto* U.S. Attorney indefinitely, regardless of their qualifications for the role.

71. Defendants' actions also severely harm the public interest. The people of the Western District of Washington have no validly appointed U.S. Attorney to prosecute federal crimes, investigate violations of federal law, and ensure lawful order. Absent a validly appointed U.S. Attorney, the ability of the U.S. Attorney's Office to seek indictments and prosecute cases is open to question. Prosecutors may be subject to disqualification, and the validity of all prosecutorial and enforcement actions by the U.S. Attorney's Office is in jeopardy. Recent experience shows that these harms to the public are not hypothetical. The lack of lawfully appointed U.S. Attorneys in other districts has led to the disqualification of the improperly serving officials, the dismissal of indictments and quashing of subpoenas, and the threatened disqualification of Assistant U.S. Attorneys being supervised by the unlawfully appointed office heads. *Supra* ¶¶ 48-68. In short, this state of affairs has called into question the work of the United States Attorney's Offices in those districts and eroded the courts' and the public's trust in the administration of justice. Similar harm to the public interest exists here.

## V. CLAIMS FOR RELIEF

### Count I
### *Ultra Vires* – Equitable Cause of Action for Violation of Constitutional and Statutory Authority
### (Against All Defendants)

72. The foregoing paragraphs are incorporated herein by reference.

73. Defendants' purported removal of Mr. Rogoff as U.S. Attorney for the Western District of Washington is *ultra vires* and violates the Appointments Clause, separation of powers, and 28 U.S.C. § 546.

74. "[P]laintiffs may sue 'in equity' without a congressionally-provided cause of action 'to prevent an injurious act by a public officer.'" *Trump v. Cook*, 2026 WL 1855613, at *11 n.2 (U.S. June 29, 2026) (quoting *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015)). "The ability to sue to enjoin unconstitutional actions by . . . federal officers is the creation of courts of equity, and reflects a long history of judicial review of illegal executive

action, tracing back to England." *Armstrong*, 575 U.S. at 327. Although "Congress may displace the equitable relief that is traditionally available to enforce federal law," *id.* at 329, it has not done so here. *See Free Enter. Fund v. PCAOB*, 561 U.S. 477, 491 n.2 (2010) (rejecting argument that plaintiffs lacked implied right of action for "an Appointments Clause or separation-of-powers claim," noting lack of any reason such claims "should be treated differently than every other constitutional claim," and collecting cases reflecting "a right to relief as a general matter" for constitutional claims); *Washington v. Trump*, 814 F. Supp. 3d 1173, 1209-12 (W.D. Wash. 2026) ("In the context of equitable challenges to executive actions, American courts, including the Supreme Court and the Ninth Circuit, have repeatedly held that a plaintiff may challenge an executive order or other executive act using an implied, equitable cause of action.").

75. Under the Appointments Clause, the Constitution empowers the President to appoint "Officers of the United States," subject to "the Advice and Consent of the Senate." U.S. Const. art. II, § 2, cl. 2. For "inferior Officers," the Constitution gives Congress the power to "vest the appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." *Id.*

76. U.S. Attorneys are appointed by the default method of presidential nomination and Senate confirmation. 28 U.S.C. § 541(a).

77. In the event of a vacancy, Congress has exercised its authority under the Appointments Clause to create methods for appointing an interim U.S. Attorney. Of relevance here, § 546 provides that the Attorney General may appoint a person to serve as U.S. Attorney for a time period of 120 days. 28 U.S.C. § 546(a), (c). After the 120-day period expires, the district court may appoint an individual to serve as U.S. Attorney until the vacancy is filled. *Id.* § 546(d). When the district court appoints an individual to serve as U.S. Attorney, that individual serves "until the vacancy is filled" by a Senate-confirmed U.S. Attorney. *Id.*; *see id.* § 541(a).

78. Defendants' purported firing of Mr. Rogoff from his position as U.S. Attorney for the Western District of Washington was unlawful. The Court appointed Mr. Rogoff to serve as U.S. Attorney pursuant to the Court's authority under § 546(d) on July 15, 2026. Accordingly, pursuant to § 546(d), Mr. Rogoff serves in that role until the President nominates, and the Senate confirms, a U.S. Attorney for the Western District of Washington, which has yet to occur. Moreover, by purporting to fire Mr. Rogoff, the Executive Branch has left in place a *de facto* U.S. Attorney—who exercises all of the powers of the office—but whose appointment does not comply with the Appointments Clause.

79. Mr. Rogoff's purported termination from his position as U.S. Attorney has caused and will continue to cause Mr. Rogoff to sustain injuries, by depriving him of his access to his lawful appointment as U.S. Attorney and by preventing him from fulfilling his statutory responsibilities.

80. An actual and justiciable controversy exists between Defendants and Mr. Rogoff regarding whether Defendants have the authority to remove Mr. Rogoff from his position as U.S. Attorney. A declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is necessary and appropriate in light of the July 15, 2026 firing of Mr. Rogoff. An injunction against Defendants (except for the President) is also necessary and appropriate. Mr. Rogoff has no adequate remedy at law to any claim by Defendants that they have the authority to terminate Mr. Rogoff as U.S. Attorney.

**Count II**
**United States Constitution - Due Process Clause**
**(Against All Defendants)**

81. The foregoing paragraphs are incorporated herein by reference.

82. Defendant's purported firing of Mr. Rogoff from his position as U.S. Attorney for the Western District of Washington by Defendants deprived Mr. Rogoff of due process.

83. Defendants could properly remove Mr. Rogoff from office by securing Senate confirmation of a presidential nominee to serve as U.S. Attorney for the Western District of

Washington. That procedure was not followed here. Defendants purported to fire Mr. Rogoff without any process at all.

84. Mr. Rogoff's appointment "to serve until the vacancy is filled," 28 U.S.C. § 546(d), was therefore purportedly terminated without proper procedure, depriving Mr. Rogoff of due process.

85. A declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is necessary and appropriate in light of the July 15, 2026 firing of Mr. Rogoff. An injunction against Defendants (except for the President) is also necessary and appropriate. Mr. Rogoff has no adequate remedy at law to any claim by Defendants that they have the authority to terminate Mr. Rogoff as U.S. Attorney.

**Count III**
**Action for Relief in the Nature of Mandamus – 28 U.S.C. § 1361**
**(Against All Defendants)**

86. The foregoing paragraphs are incorporated herein by reference.

87. In the event that relief is not available under Counts I or II, Mr. Rogoff is entitled to relief in the nature of mandamus under 28 U.S.C. § 1361.

88. Defendants' duty not to terminate Mr. Rogoff is clear, certain, nondiscretionary, and ministerial, and—if relief is not available under Counts I or II—no other adequate remedy is available. *See Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021) (identifying the elements of a mandamus claim under § 1361).

## VI. PRAYER FOR RELIEF

Plaintiff Roger Rogoff respectfully requests that this Court issue an order awarding him the following relief:

A. A declaration that the July 15, 2026 purported firing of Mr. Rogoff was unlawful and is void and that Mr. Rogoff remains the U.S. Attorney for the Western District of Washington until the vacancy of the office of the U.S. Attorney for the Western District of Washington is filled via presidential nomination and Senate confirmation;

B. A declaration that the purported firing of Mr. Rogoff violated his statutory right to occupy the office of U.S. Attorney;

C. An injunction ordering that, until the vacancy of the office of the U.S. Attorney for the Western District of Washington is filled via Senate confirmation, Defendants Executive Office of the President, Acting Attorney General Todd Blanche, and the Department of Justice shall not (i) effectuate any purported firing of Mr. Rogoff from his position as U.S. Attorney for the Western District of Washington; (ii) purport to remove Mr. Rogoff from his position as U.S. Attorney for the Western District of Washington or in any way treat him as having been removed; (iii) deny or obstruct Mr. Rogoff from accessing any of the benefits or resources of his position as U.S. Attorney for the Western District of Washington; (iv) otherwise obstruct Mr. Rogoff from his ability to carry out the duties of the U.S. Attorney for the Western District of Washington; or (v) treat any individual other than Mr. Rogoff as U.S. Attorney for the Western District of Washington or the chief federal law enforcement officer of the district.

D. An award of costs and attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, or other applicable law; and

E. An award of all other appropriate relief.

DATED this 21st day of July, 2026

HKM EMPLOYMENT ATTORNEYS LLP

*/s/ Jason A. Rittereiser*
Jason A. Rittereiser, WSBA No. 43628
*/s/ Daniel Kalish*
Daniel Kalish, WSBA No. 35815
600 Stewart Street, Suite 901
Seattle, Washington 98101
Telephone: (206) 838-2504
jrittereiser@hkm.com
dkalish@hkm.com

*Attorneys for Plaintiff Roger Rogoff*

MUNGER, TOLLES & OLSON LLP

Hailyn J. Chen, CA Bar No. 237436
(*pro hac vice forthcoming*)
Victoria A. Degtyareva, CA Bar No. 284199
(*pro hac vice forthcoming*)
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
hailyn.chen@mto.com
victoria.degtyareva@mto.com

Donald B. Verrilli Jr., D.C. Bar No. 420434
(*pro hac vice forthcoming*)
Cynthia Long, D.C. Bar No. 90018011
(*pro hac vice forthcoming*)
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 220-1100
donald.verrilli@mto.com
cynthia.long@mto.com

Shannon Aminirad, CA Bar No. 324780
(*pro hac vice forthcoming*)
Connor Hoge, CA Bar No. 349884
(*pro hac vice forthcoming*)
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000
shannon.aminirad@mto.com
connor.hoge@mto.com

*Attorneys for Plaintiff Roger Rogoff*

Judge Bastian

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER ROGOFF,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; TODD BLANCHE, in his official capacity as Attorney General of the United States; and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CASE NO. 2:26-cv-02566-SAB<br><br>**NOTICE OF APPEAL**<br><br>**PRELIMINARY INJUNCTION APPEAL** |

TO PLAINTIFF ROGER ROGOFF AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that all defendants hereby appeal to the United States Court of Appeals for the Ninth Circuit from the preliminary injunction entered in this action on October 1, 2026.

DATED: October 1, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

Case: 26-6445, 10/09/2026, DktEntry: 23.1, (56 of 66)

Federal Programs Branch

DIANE KELLEHER
Director, Federal Programs Branch

JEREMY S.B. NEWMAN
Chief Litigation Counsel, Federal Programs Branch

JOSHUA S. HA
Counsel to the Assistant Attorney General

*/s/Joshua S. Ha*
950 Pennsylvania Avenue, NW
Washington, DC 20530
202-598-3747
Joshua.S.Ha@usdoj.gov

*Attorneys for Defendants*

# *2:26cv2566, Rogoff V. Trump Et Al*

US District Court Docket

United States District Court, Washington Western

(Seattle)

**This case was retrieved on 10/06/2026**

## Header

**Case Number:** 2:26cv2566
**Date Filed:** 07/21/2026
**Assigned To:** Judge Stanley A. Bastian
**Nature of Suit:** Other Statutory Actions (890)
**Cause:** Injunction
**Lead Docket:** None
**Other Docket:** 9th Circuit Court of Appeals, 26-06445
**Jurisdiction:** U.S. Government Defendant

**Class Code:** Open
**Statute:** 28:2201
**Jury Demand:** None
**Demand Amount:** $0
**NOS Description:** Other Statutory Actions

## Participants

### Litigants

Roger Rogoff
**Plaintiff**

### Attorneys

Connor Hoge
LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED
MUNGER TOLLES & OLSON LLP (SF)
560 Mission St 27th Fl
San Francisco, CA 94105-2907
USA
415-512-4016 Email:Connor.Hoge@mto.Com

Cynthia Long
LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED
MUNGER TOLLES & OLSON LLP (DC)
601 Massachusetts Ave Nw Ste 500 E
Washington, DC 20004
USA
202-220-1116 Email:Cynthia.Long@mto.Com

Daniel Kalish
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
HKM EMPLOYMENT ATTORNEYS LLP (WA)
600 Stewart St Ste 901
Seattle, WA 98101
USA
206-826-5354 Fax: 206-260-3055 Email:Dkalish@hkm.Com

Donald B Verrilli , Jr
LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED
MUNGER TOLLES & OLSON LLP (DC)
601 Massachusetts Ave Nw Ste 500 E

| Litigants | Attorneys |
| --- | --- |
| | Washington, DC 20004<br>USA<br>213-683-9507 Email:Donald.Verrilli@mto.Com |
| | Esthena Barlow<br>LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED<br>MUNGER TOLLES & OLSON LLP (DC)<br>601 Massachusetts Ave Nw Ste 500 E<br>Washington, DC 20004<br>USA<br>202-220-1100 Email:Esthena.Barlow@mto.Com |
| | Hailyn J Chen<br>LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED<br>MUNGER TOLLES & OLSON LLP (LOS ANGELES)<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>USA<br>213-683-9548 Fax: 213-387-3702 Email:Hailyn.Chen@mto.Com |
| | Jason A Rittereiser<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>HKM EMPLOYMENT ATTORNEYS LLP (WA)<br>600 Stewart St Ste 901<br>Seattle, WA 98101<br>USA<br>206-838-2504 Email:Jrittereiser@hkm.Com |
| | Shannon G. Aminirad<br>LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED<br>MUNGER TOLLES & OLSON LLP (SF)<br>560 Mission St 27th Fl<br>San Francisco, CA 94105-2907<br>USA<br>415-512-4072 Email:Shannon.Aminirad@mto.Com |
| | Victoria A. Degtyareva<br>LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED<br>MUNGER TOLLES & OLSON LLP (LOS ANGELES)<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>USA<br>213-683-9505 Email:Victoria.Degtyareva@mto.Com |
| Donald J Trump<br>in his official capacity as President of the United States \|<br>**Defendant** | Brian C Kipnis<br>ATTORNEY TO BE NOTICED<br>US ATTORNEY'S OFFICE (SEA)<br>700 Stewart St Ste 5220<br>Seattle, WA 98101-1271<br>USA<br>206-553-7970 Email:Brian.Kipnis@usdoj.Gov |
| | Henry Charles Whitaker<br>ATTORNEY TO BE NOTICED |

| Litigants | Attorneys |
|---|---|
| | Us Department Of Justice (950) 950 Pennsylvania Ave Nw<br>Washington, DC 20530<br>USA<br>202-445-8942 Email:Henry.Whitaker@usdoj.Gov<br><br>Joshua Ha<br>ATTORNEY TO BE NOTICED<br><br>Us Department Of Justice (950) 950 Pennsylvania Ave Nw<br>Washington, DC 20530<br>USA<br>202-598-3747 Email:Joshua.S.Ha@usdoj.Gov |
| Executive Office of the President<br>**Defendant** | Brian C Kipnis<br>ATTORNEY TO BE NOTICED<br>US ATTORNEY'S OFFICE (SEA)<br>700 Stewart St Ste 5220<br>Seattle, WA 98101-1271<br>USA<br>206-553-7970 Email:Brian.Kipnis@usdoj.Gov<br><br>Henry Charles Whitaker<br>ATTORNEY TO BE NOTICED<br><br>Us Department Of Justice (950) 950 Pennsylvania Ave Nw<br>Washington, DC 20530<br>USA<br>202-445-8942 Email:Henry.Whitaker@usdoj.Gov<br><br>Joshua Ha<br>ATTORNEY TO BE NOTICED<br><br>Us Department Of Justice (950) 950 Pennsylvania Ave Nw<br>Washington, DC 20530<br>USA<br>202-598-3747 Email:Joshua.S.Ha@usdoj.Gov |
| Todd Blanche<br>in his official capacity as Acting Attorney General of the United States \|<br>**Defendant** | Brian C Kipnis<br>ATTORNEY TO BE NOTICED<br>US ATTORNEY'S OFFICE (SEA)<br>700 Stewart St Ste 5220<br>Seattle, WA 98101-1271<br>USA<br>206-553-7970 Email:Brian.Kipnis@usdoj.Gov<br><br>Henry Charles Whitaker<br>ATTORNEY TO BE NOTICED<br><br>Us Department Of Justice (950) 950 Pennsylvania Ave Nw<br>Washington, DC 20530<br>USA<br>202-445-8942 Email:Henry.Whitaker@usdoj.Gov<br><br>Joshua Ha<br>ATTORNEY TO BE NOTICED<br><br>Us Department Of Justice (950) 950 Pennsylvania Ave Nw<br>Washington, DC 20530<br>USA |

| Litigants | Attorneys |
| --- | --- |
| | 202-598-3747 Email:Joshua.S.Ha@usdoj.Gov |
| United States Department of Justice<br>**Defendant** | Brian C Kipnis<br>ATTORNEY TO BE NOTICED<br>US ATTORNEY'S OFFICE (SEA)<br>700 Stewart St Ste 5220<br>Seattle, WA 98101-1271<br>USA<br>206-553-7970 Email:Brian.Kipnis@usdoj.Gov<br><br>Henry Charles Whitaker<br>ATTORNEY TO BE NOTICED<br><br>Us Department Of Justice (950) 950 Pennsylvania Ave Nw<br>Washington, DC 20530<br>USA<br>202-445-8942 Email:Henry.Whitaker@usdoj.Gov<br><br>Joshua Ha<br>ATTORNEY TO BE NOTICED<br><br>Us Department Of Justice (950) 950 Pennsylvania Ave Nw<br>Washington, DC 20530<br>USA<br>202-598-3747 Email:Joshua.S.Ha@usdoj.Gov |
| New Civil Liberties Alliance<br>**Amicus** | Jonathan F Mitchell<br>ATTORNEY TO BE NOTICED<br>MITCHELL LAW PLLC<br>111 Congress Ave Ste 400<br>Austin, TX 78701<br>USA<br>512-686-3940 Fax: 512-686-3941 Email:Jonathan@mitchell.Law |
| Former United States Attorneys as Amici Curiae<br>**Amicus** | Abigail Frisch Vice<br>LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED<br>ASHURST PERKINS COIE US LLP (DC)<br>700 13th St Nw Ste 800<br>Washington, DC 20005-3960<br>USA<br>202-654-6200 Fax: 202-654-6211<br>Email:Abigail.Vice@perkinscoie.Com<br><br>Diamond Brown<br>LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED<br>DEMOCRACY DEFENDERS FUND<br>600 Pennsylvania Ave Se Ste 15180<br>Washington, DC 20003<br>USA<br>202-594-9958 Email:Diamond@democracydefenders.Org<br><br>Norman Larry Eisen<br>LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED<br>DEMOCRACY DEFENDERS FUND<br>600 Pennsylvania Ave Se Ste 15180<br>Washington, DC 20003<br>USA<br>202-594-9958 Email:Norman@democracydefenders.Org |

| Litigants | Attorneys |
|---|---|
| | Stephen Allen Jonas<br>LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED<br>DEMOCRACY DEFENDERS FUND<br>600 Pennsylvania Ave Se  Ste 15180<br>Washington, DC  20003<br>USA<br>282-594-9958  Email:Steve@democracydefenders.Org |
| | David J. Burman<br>ATTORNEY TO BE NOTICED<br>ASHURST PERKINS COIE US LLP (WA)<br>1301 Second Ave  Ste 4200<br>Seattle, WA  98101-3804<br>USA<br>206-359-8000  Fax: 206-359-9000<br>Email:David.Burman@ashurstperkins.Com |
| | Harry H Schneider , Jr.<br>ATTORNEY TO BE NOTICED<br>ASHURST PERKINS COIE US LLP (WA)<br>1301 Second Ave  Ste 4200<br>Seattle, WA  98101-3804<br>USA<br>206-359-8508  Fax: 206-359-9508<br>Email:Harry.Schneider@ashurstperkins.Com |
| | John P Bailey<br>ATTORNEY TO BE NOTICED<br>ASHURST PERKINS COIE US LLP (DC)<br>700 13th St Nw  Ste 800<br>Washington, DC  20005-3960<br>USA<br>202-654-3376  Email:John.Bailey@ashurstperkins.Com |
| | Jonathan Patrick Hawley<br>ATTORNEY TO BE NOTICED<br>ASHURST PERKINS COIE US LLP (WA)<br>1301 Second Ave  Ste 4200<br>Seattle, WA  98101-3804<br>USA<br>206-359-6469  Email:Jonathan.Hawley@ashurstperkins.Com |
| | Kevin J Hamilton<br>ATTORNEY TO BE NOTICED<br>ASHURST PERKINS COIE US LLP (WA)<br>1301 Second Ave  Ste 4200<br>Seattle, WA  98101-3804<br>USA<br>206-359-8741  Email:Kevin.Hamilton@ashurstperkins.Com |
| | Nicholas S. Crown<br>ATTORNEY TO BE NOTICED<br>ASHURST PERKINS COIE US LLP (DC)<br>700 13th St Nw  Ste 800<br>Washington, DC  20005-3960<br>USA |

## Litigants

## Attorneys

202-434-1664 Email:Nick.Crown@ashurstperkins.Com

## Proceedings

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| 1 | 07/21/2026 | COMPLAINT for Declaratory and Injunctive Relief against All Defendants (Receipt # AWAWDC-9843897) Attorney Jason A Rittereiser added to party Roger Rogoff(pty:pla) filed by Roger Rogoff. (Attachments: # 1 Civil Cover Sheet with Attachment, # 2 Summons Proposed Summons w Attachment, # 3 Summons Proposed Summons w Attachment, # 4 Summons Proposed Summons w Attachment, # 5 Summons Proposed Summons w Attachment)(Rittereiser, Jason) (Entered: 07/21/2026) | |
| 2 | 07/21/2026 | APPLICATION OF ATTORNEY Shannon Aminirad FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiff Roger Rogoff (Fee Paid) Receipt No. AWAWDC-9844059 (Rittereiser, Jason) (Entered: 07/21/2026) | |
| 3 | 07/21/2026 | APPLICATION OF ATTORNEY Hailyn Chen FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiff Roger Rogoff (Fee Paid) Receipt No. AWAWDC-9844086 (Rittereiser, Jason) (Entered: 07/21/2026) | |
| 4 | 07/21/2026 | APPLICATION OF ATTORNEY Victoria A. Degtyareva FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiff Roger Rogoff (Fee Paid) Receipt No. AWAWDC-9844119 (Rittereiser, Jason) (Entered: 07/21/2026) | |
| 5 | 07/21/2026 | APPLICATION OF ATTORNEY Connor Hoge FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiff Roger Rogoff (Fee Paid) Receipt No. AWAWDC-9844149 (Rittereiser, Jason) (Entered: 07/21/2026) | |
| 6 | 07/21/2026 | APPLICATION OF ATTORNEY Cynthia Long FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiff Roger Rogoff (Fee Paid) Receipt No. AWAWDC-9844170 (Rittereiser, Jason) (Entered: 07/21/2026) | |
| 7 | 07/21/2026 | APPLICATION OF ATTORNEY Donald B. Verrilli, Jr. FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiff Roger Rogoff (Fee Paid) Receipt No. AWAWDC-9844185 (Rittereiser, Jason) (Entered: 07/21/2026) | |
| 8 | 07/21/2026 | MOTION for Preliminary Injunction , filed by Plaintiff Roger Rogoff. Oral Argument Requested. (Attachments: # 1 Proposed Order) Noting Date 8/18/2026, (Rittereiser, Jason) (Entered: 07/21/2026) | |
| 9 | 07/21/2026 | ORDER re 2 3 4 5 6 7 Applications for Leave to Appear Pro Hac Vice: The Court ADMITS Attorneys Shannon G. Aminirad, Hailyn J Chen, Victoria A. Degtyareva, Connor Hoge, Cynthia Long, Donald B Verrilli, Jr for Plaintiff Roger Rogoff, by Clerk Joshua C. Lewis. No document associated with this docket entry, text only.NOTE TO COUNSEL: Local counsel agrees to sign all filings and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).(PS) (Entered: 07/21/2026) | |
| 10 | 07/21/2026 | DECLARATION of Hailyn J. Chen filed by Plaintiff Roger Rogoff re 8 MOTION for Preliminary Injunction (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21)(Rittereiser, Jason) (Entered: 07/21/2026) | |
| 11 | 07/21/2026 | DECLARATION of Noelle Smith filed by Plaintiff Roger Rogoff re 8 MOTION for Preliminary Injunction (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Rittereiser, Jason) (Entered: 07/21/2026) | |

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| 12 | 07/21/2026 | DECLARATION of Roger Rogoff filed by Plaintiff Roger Rogoff re 8 MOTION for Preliminary Injunction (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Rittereiser, Jason) (Entered: 07/21/2026) | |
| | 07/22/2026 | Judge Ricardo S. Martinez added. (ELS) (Entered: 07/22/2026) | |
| 13 | 07/22/2026 | Summons(es) Electronically Issued as to all Defendants. (MIH) (Entered: 07/22/2026) | |
| 14 | 07/22/2026 | MINUTE ORDER. The following MINUTE ORDER is made by direction of the Court, the Honorable Ricardo S. Martinez, United States District Judge: The Honorable Ricardo S. Martinez recuses himself and the case is hereby transferred to a judge from outside this district consistent with the Ninth Circuit's December 10, 2025, General Designation of a District Judge for Service in Another District Within the Ninth District. See 28 U.S.C. 292(b). (CB) (Entered: 07/22/2026) | |
| | 07/22/2026 | Judge Stanley A. Bastian added. Judge Ricardo S. Martinez no longer assigned to case, per 14 Minute Order (ELS) (See 2:26-mc-00002 to view the Ninth Circuit's December 10, 2025, Order Designating the Honorable Stanley A. Bastian for Service in the Western District of Washington.) (Entered: 07/22/2026) | |
| 15 | 07/22/2026 | AFFIDAVIT of Service of Summons and Complaint on U.S. Department of Justice on 7/22/2026, filed by Plaintiff Roger Rogoff. (Rittereiser, Jason) (Entered: 07/22/2026) | |
| 16 | 07/28/2026 | NOTICE of Appearance by attorney Brian C Kipnis on behalf of Defendants Todd Blanche, Executive Office of the President, Donald J Trump, United States Department of Justice. (Kipnis, Brian) (Entered: 07/28/2026) | |
| 17 | 07/28/2026 | MOTION for Recusal or Reassignment by Ninth Circuit Order, filed by All Defendants. (Attachments: # 1 Proposed Order) Noting Date 8/18/2026, (Kipnis, Brian) (Entered: 07/28/2026) | |
| 18 | 07/30/2026 | RESPONSE, by Plaintiff Roger Rogoff, to 17 MOTION for Recusal or Reassignment by Ninth Circuit Order. (Rittereiser, Jason) (Entered: 07/30/2026) | |
| 19 | 07/30/2026 | ORDER denying Defendants' 17 Motion for Recusal or Reassignment by Ninth Circuit Order. Signed by Judge Stanley A. Bastian.(CJS) (Entered: 07/30/2026) | |
| 20 | 08/11/2026 | RESPONSE, by Defendants Todd Blanche, Executive Office of the President, Donald J Trump, United States Department of Justice, to 8 MOTION for Preliminary Injunction . (Kipnis, Brian) (Entered: 08/11/2026) | |
| 21 | 08/17/2026 | Unopposed MOTION for Leave to File Brief Amicus Curiae, filed by Amicus New Civil Liberties Alliance. (Attachments: # 1 Exhibit Proposed Amicus Brief of NCLA, # 2 Proposed Order) Noting Date 8/17/2026, (Mitchell, Jonathan) (Entered: 08/17/2026) | |
| 22 | 08/17/2026 | NOTICE of Appearance by attorney Jonathan F Mitchell on behalf of Amicus New Civil Liberties Alliance. (Mitchell, Jonathan) (Entered: 08/17/2026) | |
| 23 | 08/18/2026 | MOTION for Leave to File Brief as Amci Curiae, filed by Amicus Former United States as Amici Curiae. (Attachments: # 1 Proposed Order, # 2 Brief of Former United States Attorneys as Amici Curiae) Noting Date 8/18/2026, (Burman, David) (Entered: 08/18/2026) | |
| 24 | 08/18/2026 | NOTICE of Appearance by attorney David J. Burman on behalf of Amicus Former United States as Amici Curiae. (Burman, David) (Entered: 08/18/2026) | |
| 25 | 08/18/2026 | APPLICATION OF ATTORNEY Abigail Frisch Vice FOR LEAVE TO APPEAR PRO HAC VICE for Amicus Former United States as Amici Curiae (Fee Paid) Receipt No. AWAWDC-9914208 (Hawley, Jonathan) (Entered: 08/18/2026) | |
| 26 | 08/18/2026 | APPLICATION OF ATTORNEY Diamond J. Brown FOR LEAVE TO | |

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | APPEAR PRO HAC VICE for Amicus Former United States as Amici Curiae (Fee Paid) Receipt No. AWAWDC-9914212 (Hawley, Jonathan) (Entered: 08/18/2026) | |
| 27 | 08/18/2026 | APPLICATION OF ATTORNEY Norman L. Eisen FOR LEAVE TO APPEAR PRO HAC VICE for Amicus Former United States as Amici Curiae (Fee Paid) Receipt No. AWAWDC-9914216 (Hawley, Jonathan) (Entered: 08/18/2026) | |
| 28 | 08/18/2026 | APPLICATION OF ATTORNEY Stephen A. Jonas FOR LEAVE TO APPEAR PRO HAC VICE for Amicus Former United States as Amici Curiae (Fee Paid) Receipt No. AWAWDC-9914217 (Hawley, Jonathan) (Entered: 08/18/2026) | |
| 29 | 08/18/2026 | APPLICATION OF ATTORNEY Esthena Barlow FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiff Roger Rogoff (Fee Paid) Receipt No. AWAWDC-9914245 (Rittereiser, Jason) (Entered: 08/18/2026) | |
| 30 | 08/18/2026 | REPLY, filed by Plaintiff Roger Rogoff, TO RESPONSE to 8 MOTION for Preliminary Injunction (Rittereiser, Jason) (Entered: 08/18/2026) | |
| 31 | 08/19/2026 | ORDER re 29 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Esthena Barlow for Plaintiff Roger Rogoff, by Clerk Joshua C. Lewis. No document associated with this docket entry, text only.NOTE TO COUNSEL: Local counsel agrees to sign all filings and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).(HH) (Entered: 08/19/2026) | |
| 32 | 08/19/2026 | ORDER re 25 Application for Leave to Appear Pro Hac Vice, 27 Application for Leave to Appear Pro Hac Vice, 28 Application for Leave to Appear Pro Hac Vice, 26 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorneys Abigail Frisch Vice, Diamond Brown, Norman Larry Eisen, and Stephen Allen Jonas for Former United States as Amici Curiae, by Clerk Joshua C. Lewis. No document associated with this docket entry, text only.NOTE TO COUNSEL: Local counsel agrees to sign all filings and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).(HH) (Entered: 08/19/2026) | |
| 33 | 08/21/2026 | ORDER granting The New Civil Liberties Alliance's 21 Motion for Leave to File Brief Amicus Curiae and granting The Former United States Attorneys' 23 Unopposed Motion for Leave to File Brief as Amici Curiae. Signed by Judge Stanley A. Bastian. (APH) (Entered: 08/21/2026) | |
| 34 | 08/24/2026 | NOTICE of Supplemental Authority re 8 MOTION for Preliminary Injunction by Plaintiff Roger Rogoff (Attachments: # 1 Exhibit A)(Rittereiser, Jason) (Entered: 08/24/2026) | |
| 35 | 08/31/2026 | ORDER SETTING HEARING ON PRELIMINARY INJUNCTION. A hearing on Plaintiff's Motion for Preliminary Injunction, ECF No. 8 , is set for 9/22/2026, at 10:00 a.m., in Seattle, Washington. Signed by Judge Stanley A. Bastian. (APH) (Entered: 08/31/2026) | |
| 36 | 09/02/2026 | MOTION to Continue Hearing on Motion for Preliminary Injunction, filed by Plaintiff Roger Rogoff. (Attachments: # 1 Proposed Order Granting Plaintiff's Motion to Continue) Noting Date 9/2/2026, (Rittereiser, Jason) (Entered: 09/02/2026) | |
| 37 | 09/02/2026 | DECLARATION of Jason A. Rittereiser filed by Plaintiff Roger Rogoff re 36 MOTION to Continue Hearing on Motion for Preliminary Injunction (Rittereiser, Jason) (Entered: 09/02/2026) | |
| 38 | 09/08/2026 | ORDER granting Plaintiff's 36 Motion to Continue Hearing on Motion for Preliminary Injunction. The hearing as to 8 MOTION for Preliminary Injunction is continued to 10/1/2026 at 10:00 AM in Seattle, Washington. Signed by Judge Stanley A. Bastian.(CJS) (Entered: 09/08/2026) | |

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| 39 | 09/09/2026 | NOTICE of Appearance by attorney Joshua Ha on behalf of Defendants Todd Blanche, Executive Office of the President, Donald J Trump, United States Department of Justice. (Ha, Joshua) (Entered: 09/09/2026) | |
| 40 | 09/10/2026 | NOTICE of Request for Video Recording of Motion for Preliminary Injunction hearing on 10/1/2026 at 10:00 AM before Stanley A. Bastian. Parties must submit a PARTY OBJECTION TO REQUEST FOR VIDEO RECORDING before 9/17/2026. Please Note: This form must not be filed electronically with the Court. (ELS) (Entered: 09/10/2026) | |
| 41 | 09/21/2026 | NOTIFICATION REGARDING PROPOSED VIDEO RECORDING. No parties have objected to the video recording of the Motion for Preliminary Injunction hearing on 10/1/2026 at 10:00 AM. Unless otherwise ordered by the presiding judge, the proceeding will be video recorded as part of the CAMERAS Pilot Project. (ELS) (Entered: 09/21/2026) | |
| 42 | 09/28/2026 | Unopposed MOTION FOR ORDER TAKING JUDICIAL NOTICE , filed by Defendants Todd Blanche, Executive Office of the President, Donald J Trump, United States Department of Justice. (Attachments: # 1 Proposed Order, # 2 Exhibit A, # 3 Exhibit B) Noting Date 9/28/2026, (Kipnis, Brian) (Entered: 09/28/2026) | |
| 43 | 09/29/2026 | NOTICE of Appearance by attorney Henry Charles Whitaker on behalf of Defendants Todd Blanche, Executive Office of the President, Donald J Trump, United States Department of Justice. (Whitaker, Henry) (Entered: 09/29/2026) | |
| 44 | 10/01/2026 | ORDER granting Plaintiff's 8 Motion for Preliminary Injunction. Defendants' Unopposed Motion for Order Taking Judicial Notice, ECF No. 42 , is GRANTED. Signed by Judge Stanley A. Bastian. (APH) (Entered: 10/01/2026) | |
| 45 | 10/01/2026 | NOTICE OF Interlocutory APPEAL to Ninth Circuit (26-6445) re 44 Order on Motion for Miscellaneous Relief, Order on Motion for Preliminary Injunction by Defendants Todd Blanche, Executive Office of the President, Donald J Trump, United States Department of Justice. No fee required- US Government Party (cc: USCA) (Ha, Joshua) Modified on 10/1/2026 to add CCA#. (RE). (Entered: 10/01/2026) | |
| 46 | 10/01/2026 | TIME SCHEDULE ORDER/USCA CASE NUMBER (26-6445) as to 45 Notice of Appeal, filed by Executive Office of the President, Donald J Trump, United States Department of Justice, Todd Blanche. (RE) (Entered: 10/01/2026) | |
| 48 | 10/01/2026 | MINUTE ORDER 8 MOTION for Preliminary Injunction . Authorized by Judge Stanley A. Bastian. (ALZ) (Entered: 10/05/2026) | |
| 47 | 10/04/2026 | ORDER OF USCA (26-6445) as to 45 Notice of Appeal, filed by Executive Office of the President, Donald J Trump, United States Department of Justice, Todd Blanche. The court has received the government's emergency motion for stay pending appeal. Dkt. No. 9. The request for an administrative stay is GRANTED. The court's administrative stay "is only intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits, and does not constitute in any way a decision as to the merits" of the appeal. See Doe #1 v. Trump, 944 F.3d 1222, 1223 (9th Cir. 2019). (RE) (Entered: 10/05/2026) | |
| 49 | 10/05/2026 | ORDER OF USCA (26-6445) as to 45 Notice of Appeal, filed by Executive Office of the President, Donald J Trump, United States Department of Justice, Todd Blanche. The court has received Appellants' emergency motion for stay pending appeal. Dkt. No. 9. We granted Appellants' request for an administrative stay. Dkt. No. 11. Appellee does not oppose the stay pending appeal. Dkt. No. 12. Accordingly, the administrative stay remains in place pending further order.The briefing schedule for this appeal will proceed as follows: appellants' opening brief is due October 9, 2026, and appellee's answering brief is due October 16, 2026. The optional reply may be filed by October 21, 2026. The panel | |

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | will hold a remote hearing by Zoom on October 23, 2026, at 10:00 AM PDT. (RE) (Entered: 10/05/2026) | |
| 50 | 10/06/2026 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 10/1/2026 before Judge Stanley Bastian.Parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Information regarding the policy can be found on the court's website at www.wawd.uscourts.gov.To purchase a copy of the transcript, contact court reporter Debbie Zurn, debbie_zurn@wawd.uscourts.gov, 206-370-8504. Release of Transcript Restriction set for 1/4/2027, (DZ) (Entered: 10/06/2026) | Events since last full update |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

End of Document